[No. 20,004. Department Two.—November 14, 1884.]

THE PEOPLE, RESPONDENT, v. WILLIAM OILER, APPELLANT.

CRIMINAL LAW—DEPOSITION TAKEN BY COMMITTING MAGISTRATE—WHEN ADMISSIBLE IN EVIDENCE—CONSTITUTIONALITY OF SECTIONS 686 AND 869 OF THE PENAL CODE.—Sections 686 and 869 of the Penal Code, which allow depositions taken on the preliminary examination of a person charged with a public offense to be read in evidence at the trial of such person, are constitutional.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. M. Wilcoxson*, for Appellant.

*Attorney General Marshall*, for Respondent.

THORNTON, J.—The defendant was accused by information of the offense of feloniously, willfully, and knowingly having in his possession dies, plates, etc., designed for and made use of in counterfeiting silver coins current in this State, and was found guilty as charged.

On the trial, the prosecution offered in evidence the deposition of one Antonio Chavez, taken by the committing magistrate on the preliminary examination before him of defendant, having first shown the absence of said Chavez from the State. The deposition was taken through an interpreter, and before offering it the interpreter was called, who testified that he correctly translated to the short-hand reporter and the court, on the examination referred to, the testimony of Chavez, and that the deposition shown him written out in long-hand was the testimony of Chavez given on such examination. The reporter and the magistrate who officiated at such examination were also called, who identified the deposition and testified to its correctness.

With this preliminary evidence, the prosecution offered to read the deposition to the jury. The defendant objected to its being read, on the ground that it was irrelevant, immaterial, incompetent and hearsay. The court overruled the objection, and defendant reserved an exception.

We are of opinion that the court in this ruling committed no error. The deposition was taken in accordance with the provision of law in regard to the preliminary examinations before a magistrate. (See Penal Code, § 869.) The defendant was present at the examination, and had an opportunity of cross-examining, and did not participate in cross-examining, Chavez. It was proven before the deposition was offered that Chavez was absent from the State. Under these circumstances, the deposition was, by the express terms of section 686 of the Penal Code, admissible in evidence.

It is contended on behalf of defendant, that sections 686 and 869, above cited, so far as they allow the deposition taken on the preliminary examination of a person charged with a public offense to be read in evidence on the trial of such person, are unconstitutional. And to sustain this point, reference is made to the last clause of section 13, article 1 of the Constitution of 1879. We are of opinion that this contention is untenable. The clause of the constitution referred to was intended to confer further power on the legislature in regard to the taking of evidence by deposition in criminal cases. This clause invests the legislature, under the circumstances mentioned in it, with power to authorize the taking of depositions in criminal cases other

than those of homicide, of witnesses not called on the preliminary examination. It was not intended to take away a power long exercised by legislatures in regard to the depositions of witnesses taken on such preliminary examinations. Such a power as the latter was exercised by parliament in England, in the sixteenth century (see Stats. 1 and 2, Phil. and M., chap. 13, §§ 4, 5 ; and 2 and 3, Phil. and M., chap. 10), and from an early period in various States of the Union; and it has been held to be properly exercised in the States whose constitutions secured to an accused person the right to be confronted face to face with the witnesses against him. (*People* v. *Restell,* 3 Hill, 289 ; *State* v. *Johnson,* 12 Nev. 121 ; *Commonwealth* v. *Richards,* 18 Pick. 434; *Summons* v. *The State,* 5 Ohio St. 325 ; Bishop's Crim. Pro., §§ 1194, 5, 6, etc., to close of chapter 79, and cases cited in notes.)

We find no error in the record, and the judgment and order are affirmed.

SHARPSTEIN, J., and McKINSTRY, J., concurred.