[Crim. No. 180.   In Bank.—March 10, 1897.]

THE PEOPLE, RESPONDENT, v. WILLIAM SIERP. APPELLANT.

CRIMINAL LAW—HOMICIDE — EVIDENCE — DYING DECLARATIONS.—Upon a trial for murder, the dying declarations of the deceased are admissible, where the evidence shows that they were made under a sense of impending death.

ID.—DEPOSITION AT PRELIMINARY EXAMINATION—INTERPRETER.—The deposition of a witness taken at a preliminary examination is not rendered inadmissible because taken through an interpreter, where the examination was conducted in the English language, and the interpreter is present at the trial, and testifies to the correctness of the deposition.

ID.—ADMISSIBILITY OF DEPOSITION IN CASE OF HOMICIDE—CONSTITUTIONAL LAW.—The deposition of a witness taken at a preliminary examination is not rendered inadmissible in a case of homicide by section 13 of article I of the state constitution, which declares that "the legislature shall have power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases, when there is reason to believe that the witness, from inability or other cause, will not attend at the trial," such provision being intended to refer only to cases of extrajudicial depositions taken de bene esse, and not to exclude, in cases of homicide, testimony judicially taken at the preliminary examination of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. GEORGE H. BAHRS, Judge.

The facts are stated in the opinion of the court.

*Alexander Campbell, Jr.*, for Appellant.

*Attorney General W. F. Fitzgerald*, and *Assistant Attorney General W. H. Anderson*, for Respondent.

McFARLAND, J.—The defendant was convicted of murder in the second degree, and appeals from the judgment and from an order denying his motion for a new trial.

1. As to the first point made for a reversal, it is sufficient to say that the evidence fully enough shows that Manuel Moreno, the person killed, made his dying declaration under a sense of impending death, and that,

therefore, the court did not err in overruling defendant's objection to said declaration.

2. The contention based on the cases of *People* v. *Lee Fat*, 54 Cal. 527, and *People* v. *Ah Yute*, 56 Cal. 119, that the testimony of Secundino Varela, given at the preliminary examination, was improperly admitted because it was conducted through an interpreter, cannot be maintained. The entire examination was in the English language except that, as to a single question, the court requested an interpreter to ask the witness if he understood the question, and the interpreter, having asked him, replied: "He says he does understand." Moreover, the interpreter was present at the trial in the superior court and testified. The case at bar is, therefore, not at all within the rulings in the Lee Fat and Ah Yute cases; and the court did not, for the reason urged under this contention, err in admitting said testimony.

3. The third and only other point made by appellant is that the admission in evidence of the testimony given by said Varela at the preliminary examination was erroneous because prohibited by section 13 of article I of the state constitution, and because any statute providing for the admission of such testimony in a case of homicide is violative of said section of the constitution, and void. This point was decided against the contention of appellant in *People* v. *Chin Hane*, 108 Cal. 597, and *People* v. *Oiler*, 66 Cal. 101; but as the point has been strenuously urged in another case recently submitted, and we are asked to overrule the cases above cited, it is proper, perhaps, to give it a little further notice.

It is said that in *People* v. *Chin Hane*, *supra*, the point was not much discussed, and the decision was based on *People* v. *Oiler*, *supra;* that the opinion in *People* v. *Oiler*, *supra*, contains statements which are not sound law; and that, moreover, the latter case did not involve a crime arising out of a homicide. But in *People* v. *Chin Hane*, *supra*, which was decided in Bank and was a case of murder, a petition for rehearing was filed in which this point was strongly pressed and most elaborately

argued; and the court after a full consideration of the subject denied the rehearing. We see no additional reason for now holding otherwise.

It is to be observed that our constitution does not provide—as many other state constitutions do—that a defendant in a criminal case is entitled to be "confronted with the witnesses against him," or, as the Massachusetts constitution has it, "to meet the witnesses against him face to face." The only provision of a like character here is found in subdivision 3 of section 686 of the Penal Code; but it is immediately followed by the exception and provision that the testimony of a witness taken at a preliminary examination before a committing magistrate by question and answer "in the presence of the defendant who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness," may be used on the trial in the event of the subsequent death, etc., of such witness. This provision embraces all kinds of criminal cases, and, under its express terms, the testimony objected to in the case at bar was clearly admissible. The contention, however, is that to apply this provision to an alleged crime arising out of a homicide is to violate that part of said section 13 of article I of the constitution, which reads as follows: "The legislature shall have power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases, other than cases of homicide, *when there is reason to believe that the witness, from inability or other cause, will not attend at the trial.*" The language which we have italicized shows that the clause was not intended to relate to, and does not embrace, testimony given at the judicial proceeding known as a preliminary examination, where the purpose of the testimony is to enable the judicial officer to determine whether or not the party charged should be committed. The clause in question clearly refers to an ordinary extrajudicial deposition taken, as it is called, *de bene esse* —that is, conditionally before a commissioner, or some officer authorized to administer oaths, and based upon

the theory of danger of the witness dying, or for certain other reasons not being able to come to court at the trial. And while it was universally held that such a deposition could not be used against a defendant in other states where the constitution provided that a defendant must be confronted with his witnesses, yet it was just as firmly established, both there and in England, that the testimony of a witness taken at a preliminary examination could be so used, provided the defendant had been present and had an opportunity to cross-examine. The whole subject is elaborately discussed, and the distinction pointed out, in the opinion of Judge Bronson in *People* v. *Restell*, 3 Hill, 289. That learned jurist, with respect to a deposition proper, says: "Can the public prosecutor have depositions taken *de bene esse* in criminal cases, and read them in evidence without the consent of the defendant? I think he cannot. The general rule certainly is that the witnesses must appear in court and be confronted with the accused." But with respect to testimony of witnesses taken at a preliminary examination, which is also sometimes called depositions, he says: "They are admitted on the ground that they have been taken in the course of a judicial proceeding expressly authorized by law, when the defendant was present and had the right of cross-examination. It is sometimes said in the books that the deposition is admissible because it is not extrajudicial. But that is only a part of the true reason, and is calculated to deceive. . . . . The deposition must not only be taken in a judicial proceeding, but it must be taken when the defendant is present and has had the opportunity to cross-examine the witness; otherwise it will not be received." In Bishop on Criminal Procedure the same rule and distinction are declared. In section 1197 the author says: "Within this rule, when the law provides for a preliminary examination before a magistrate, what the witnesses testified to therein may, in the circumstances already detailed, be shown. The manner of the showing will depend on the form of

the provision." And in section 1206 he says: "Under statutes, or by consent of the prosecuting officer, evidence may be taken for the defendant by *ordinary deposition.*" This being the general state of the law at the time our constitution was adopted, there is no room for the strictures of counsel upon the following language used in the opinion in *People* v. *Oiler, supra:* "This clause invests the legislature, under the circumstances mentioned in it, with power to authorize the taking of depositions in criminal cases, other than those of homicide, of witnesses not called on the preliminary examination. It was not intended to take away a power long exercised by legislatures in regard to the depositions of witnesses taken on such preliminary examinations." (And see cases there cited.) It is argued that the clause in question cannot be held as conferring any authority on the legislature, because a state constitution is a limitation, and not a grant, of powers. But that is not true in any absolute sense. The legislature gets all its powers from the constitution; it would not exist if there were no constitution. It is a mere rule of construction—distinguishing the nature of state constitutions from that of the federal constitution—that the creation of a legislative department by a state constitution confers upon the legislature all necessary and usual legislative powers not prohibited in some other part of the instrument. But other parts of a complicated constitution may leave it doubtful whether or not a certain legislative power was intended to be limited, and in such case it is quite common to insert in the instrument an express declaration upon the subject. And, considering the condition of the general law on the subject of the power to provide for the use of ordinary depositions on the part of the prosecution in criminal cases, and the various provisions of the constitution itself guarding personal rights, it was quite natural for the convention to make an express declaration that the legislature should have the power to provide for such depositions, except in cases of homicide; and its clear

intention to do so is not at all darkened by the shadow of the rule of construction invoked. And, as before said, the language employed in the clause of the constitution in question clearly shows what was meant by the word "deposition" as there used. Indeed, there could have been no plausible doubt upon the subject if section 686 of the Penal Code, after speaking of the testimony of a witness at a preliminary examination, and then adding another provision about something having apparently no reference to a preliminary examination, did not close with the word "deposition." But the real nature of testimony given at a preliminary examination is not changed in any respect because it is called by a particular name. Indeed, in most of the cases where such testimony is held admissible, it is called a "deposition." We are convinced, therefore, that no good reason is shown for departing from the rule declared in *People* v. *Chin Hane, supra.*

The judgment and order appealed from are affirmed.

VAN FLEET, J., GAROUTTE, J., HARRISON, J., TEMPLE, J., and BEATTY, C. J., concurred.