[Crim. No. 255. Third Appellate District.—August 29, 1914.]

THE PEOPLE, Respondent, v. K. OSAKI, Appellant.

CRIMINAL LAW—ROBBERY—SUFFICIENCY OF EVIDENCE TO SUPPORT CON-
VICTION.—In this prosecution for robbery the testimony of the prose-
cuting witness, if believed by the jury, warranted their return of
a verdict of guilty, and the appellate court cannot say that credit
should not have been given such testimony and hence it is bound
thereby.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order refusing a new trial.
J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, and R. L. Beardslee, for
Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy
Attorney-General, for Respondent.

BURNETT, J.—The appeal is from the judgment of convic-
tion of the crime of robbery and from the order denying
defendant's motion for a new trial.

It is admitted by appellant that the record is unusually free
from error and only two points are made by him, both, of
which we deem devoid of substantial merit.

As to the sufficiency of the evidence we need do no more
than to call attention to the testimony of Frank Brooks, the
prosecuting witness, in connection with a few admitted facts:
Defendant and his codefendant, M. Osaki, conducted a small
restaurant in the city of Stockton. On December 27, 1913,
Brooks went into said restaurant, between 8 and 9 o'clock,
to get something to drink—"some ginger and hot water—
maybe a little whiskey." As he started to go the defendant
caught him by the coat in the door and "he says 'you can't
go out until you pay for it'; I says 'I am just going to step
to the door here, coming right back,' so I went back and paid
it, then went out and got my drink and came back and my
coffee I thought was not quite hot enough for me"; then,
after a dispute as to whether a nickel was due from Brooks,

he laid it on the counter and said: "There is your nickel" and started to go out when appellant's codefendant threw a sugar bowl at Brooks, and, obviously, referring to appellant himself, the witness proceeded: "and that one there, whatever his name is, came running around the counter and jumped onto me on this side and both of them bent me over this way and went through my pockets; one of them went in here and tore a button off my vest here, went in my shirt pocket there and got a roll of bills," and furthermore, "they took three dollars in silver out of my pants pocket there, my knife out of this one and I had a key and a small silver watch chain out of the hip pocket here." The jury undoubtedly believed the witness and the only conclusion, therefore, possible was a verdict of guilty. We cannot say that credit should not have been given to the testimony and we are therefore bound by it.

The other point is worthy of no more extended consideration. It relates to an objection to the following question asked of Brooks: "After you came in from getting your drink of ginger, what if anything was done with regard to this pack of bills by you?" The point of the objection was that it was not shown that the defendant was present at the time. As to this, while the witness at that particular moment did not see defendant the latter was undoubtedly near and it was for the jury to say whether he saw what was done with the bills. Aside from that, it was a material circumstance in the case tending to show that the witness had the bills on his person; and it may be said, also, that if the evidence was erroneously admitted it could not possibly have affected the result in view of the statements of the witness as to the actual commission of the robbery.

There is no reason for interfering with the verdict, and the judgment and the order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.