[Crim. No. 484.   Second Appellate District.—June 2, 1916.]

## THE PEOPLE, Respondent, v. ALONZO PASQUERIA, Appellant.

CRIMINAL LAW—ROBBERY—APPEAL—WHEN VERDICT CONCLUSIVE.—A verdict of conviction of the crime of robbery is conclusive upon appeal, where the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, is sufficient to support the verdict.

ID.—EVIDENCE—RECALL OF PROSECUTING WITNESS—LACK OF PREJUDICE. In a prosecution for the crime of robbery the substantial rights of the defendant are not prejudiced by the action of the court in recalling the prosecuting witness after the close of the people's case, and interrogating him as to the taking of money from his pocket by the defendant, where such interrogation was for the purpose of clearing the mind of the court upon that part of the witness' testimony.

ID.—DEPOSITION TAKEN AT PRELIMINARY EXAMINATION—ABSENCE OF WITNESS.—The deposition of a witness given at a preliminary examination may be admitted in evidence upon a showing that the witness has left the state and will not return.

ID.—OBJECTIONS TO QUESTIONS—RIGHT TO MAKE AT TRIAL.—Such a deposition is subject to the same objections as though the witness were present and testifying, and the fact that no objections were interposed by the defendant when the testimony was given does not bar him from objecting when the same is read at the trial.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Herbert N. Ellis, and C. B. Ellis, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of robbery.   He appeals from the judgment and an order of court denying his motion for a new trial.

There is no merit in appellant's contention that the evidence is insufficient to justify the verdict.   The testimony of

30 Cal. App.—40

Tom Jing, the prosecuting witness, is to the effect that defendant, shortly before 6 o'clock P. M., November 2, 1915, entered his place of business, claiming to be a detective, in proof of which he exhibited what purported to be an official star, and accusing Jing of having lottery tickets in his possession, stated that he wanted to search his place. Thereupon defendant, under the pretense of making a search for lottery tickets, put his hand in Jing's pockets and took therefrom a pocketbook and purse, from which he abstracted $30 in money, a diamond ring valued at $65, and a stickpin worth $15, and putting them in his own pocket, struck Jing upon his jaw and ran out of the store, followed by the prosecuting witness, who later pointed out defendant to a police officer, who arrested him. At the trial Jing positively identified defendant as the man who, in the manner stated, had taken his property. This and other evidence, with circumstances established, if believed by the jury, was sufficient not only to justify it in the conclusion that defendant took the property, but that such taking was accompanied by all the elements constituting the crime charged. (Pen. Code, sec. 211.) Hence, it was not error, as claimed by appellant, for the court to instruct the jury as to what constituted robbery.

Counsel for appellant at great length reviews the evidence, and devotes much of his brief to a discussion of the weight which should be accorded the conflicting testimony of witnesses called at the trial, and asserts with much show of sincerity that the testimony of "a former member of the Chicago police department is far more likely to be accurate than that of the excited Chinese complaining witness." With reference to this observation and the lengthy discussion of the subject indulged in by counsel, we can only repeat what has so often been said by the appellate courts of this state, namely: "If the evidence which bears against the defendant, considered by itself, and without regard to conflicting evidence, is sufficient to support the verdict, the question ceases to be one of law—of which alone this court has jurisdiction—and becomes one of fact upon which the decision of the jury and the trial court is final and conclusive." (*People* v. *Emerson,* 130 Cal. 562, [62 Pac. 1069].)

It is claimed that the substantial rights of defendant were prejudiced by the action of the court in recalling the prosecuting witness after the close of the people's case and interro-

gating him as follows: "The Court: There is one point I wish to ask him on that is not clear in my mind. You have stated you had your money in your right-hand trouser pocket? A. Yes, sir. The Court: Who took the money out of that pocket? A. The defendant here." The witness had theretofore testified as follows: "Q. Where did you have the money? A. On my pocket here. Q. Which pocket? A. The front pocket. Q. Which side,—left or right? A. On this side; and then after that he put his hand on this pocket and took my pocketbook out, and after that he put his hand on this pocket and took my purse out, and he couldn't open that purse, it is a spring-purse, and I opened and showed him." And when asked how much was taken out of "your right-hand pocket," he replied: "I later remember I got $30 there, because I got $30 to pay my rent." There was nothing in the question of the court calculated to impress the jury that he thought defendant was guilty. As stated, the interrogation was for the purpose of clearing the mind of the court upon the subject of the inquiry. The answer was but a reiteration of what the witness had already testified to. The facts presented furnish no ground for the claim that the court was guilty of misconduct to the prejudice of defendant. On the contrary, since Jing had theretofore testified that defendant took the money out of his pocket, the question was in the nature of cross-examination, in reply to which Jing might have modified his former answer, making it more favorable to defendant.

Defendant's objection to the admission in evidence of the deposition of one Kingsley, given at the preliminary examination, was overruled. It appears that Kingsley had left the state and would not return. Upon such showing, the evidence contained in the deposition, so far as competent, was clearly admissible at the trial of defendant. (Pen. Code sec. 869; *People* v. *Oiler,* 66 Cal. 102, [4 Pac. 1066].) At the close of the reading of the deposition, defendant moved the court to strike therefrom evidence relating to statements made by Jing, upon the ground that they were incompetent. Counsel did not, other than in this general way, direct the court's attention to any particular testimony. Nevertheless, the court granted the motion as made, saying: "It is difficult for the court to rule on the motion intelligently. Some of them apparently were made while the defendant was in hearing;

some of them apparently were not so made. Of course if the
defendant was not in hearing or might reasonably have
heard what was said, it would not be binding upon him.''
Thereupon defendant's counsel said: ''Will you instruct
the jury to disregard any statement?'' to which the court
replied: ''I have already told them as to evidence that is
stricken out.'' The court having stated that defendant
would not be bound by statements of Jing not made in the
former's hearing, this was, under the circumstances, sufficient,
and, upon the motion made, all that defendant had a right
to ask. Certainly there was no error in refusing to ''instruct
the jury to disregard any statement,'' as requested by coun-
sel. During the reading of the deposition counsel for de-
fendant interposed an objection upon the ground that the
question was incompetent, to which the court replied: ''There
was no objection made below; there having been no objec-
tion made or motion to strike out this evidence in the court
below at the preliminary, the objection now will be over-
ruled.'' As an abstract proposition of law, the statement
of the court may be conceded to have been erroneous. While,
as provided by section 869 of the Penal Code, the deposition
of one testifying at a preliminary hearing may, under the
circumstances there mentioned, be used at the trial, never-
theless, when so used, it is subject to the same objections
as though the witness was present and testifying. The fact
that no objection was interposed by defendant when the
testimony was given before the magistrate does not bar him
from objecting when the deposition is read at the trial.
(Pen. Code, sec. 1345.) While it is true the court did not err
in overruling the objection, the incompetency of which was
based upon the claim that it was a statement made by Jing
without the presence of defendant, since, as appears from the
record, he was but a few feet away and near enough to have
heard the statement. (*People* v. *Osaki,* 25 Cal. App. 330,
[143 Pac. 789].)

Another alleged error is based upon the fact that the court
denied defendant's motion to strike out an answer given by
Officer Cooley to the question: ''What else was said there
by the Chinaman in the presence of the defendant?'' To
which he replied: ''The Chinaman was excited and kept
talking, 'This is the man that robbed me.' I didn't pay
attention to everything that he did say; he talked consider-

able." There is no merit in the contention. Conceding the court admitted in evidence portions of the deposition which might be said to be immaterial and to which objections interposed were overruled, defendant's substantial rights could not have been prejudiced thereby.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1916.