# HENRY LEVY *v.* HENRY GETLESON AND ERNEST PESTNER.

SETTLEMENT OF STATEMENT AND AMENDMENTS THERETO.—The Court should not settle a statement made in support of a motion to set aside a nonsuit which does not specify the errors upon which the moving party will rely, nor should it entertain

a motion to amend the same after it has been filed and served on the opposite party.

SAME.—Such statement should, on motion of the opposite party, be stricken from the files of the Court.

STATEMENT ON APPEAL.—A statement which does not purport to be a statement on appeal, cannot be considered on an appeal from the judgment.

REVIEW OF ORDER GRANTING NONSUIT.—The District Court cannot review an order granting a nonsuit upon a motion to set aside the nonsuit.

APPEAL FROM ORDER REFUSING TO RETAX COSTS.—An appeal cannot be taken from an order denying a motion to retax costs made before final judgment.

SAME.—An order denying a motion to retax costs should be reviewed by an appeal from the judgment, and annexing a statement to the judgment roll.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action on a promissory note alleged to have been executed by the defendants as copartners, under the name of H. Getleson & Pestner. Defendant Getleson made default; defendant Pestner answered, denying his liability on the note.

The case was tried October 16, 1863, before a jury, and after the close of the testimony the Court, on motion of the attorney for defendant Pestner, granted a nonsuit as to him, with leave to plaintiff to move to set aside the nonsuit, and directed the jury to find a verdict for plaintiff against defendant Getleson. October 19th, plaintiff's attorney filed and served on defendant Pestner's attorney, the following notice:

"Please take notice, that the plaintiff intends to move the Court to set aside the judgment of nonsuit herein, and for a judgment against both of the defendants, and that the proposed statement of the case, upon which said motion will be made, is herewith served upon you."

Plaintiff's attorney, on the same day, filed and served a statement embodying the evidence and rulings of the Court, with his exceptions thereto. This statement, after the title of the case, was headed:

"Statement of case on motion to set aside nonsuit in favor of defendant Pestner, and on motion for judgment upon the pleadings and proof, against both defendants."

The statement did not contain a specification of the errors upon which plaintiff would rely. ' On the 28th of October plaintiff's attorney served on the attorney for Pestner a specification of the grounds upon which he would rely on his motion to vacate the judgment of nonsuit, but the latter returned it. Plaintiff then moved the Court to be allowed to amend his statement by inserting the specification of grounds upon which he would rely, but the Court denied the same May 2, 1864. June 29, 1864, on motion of the attorney for defendant Pestner, an order was made striking the statement from the files of the Court. July 2d plaintiff's attorney moved the Court to sign the statement as the settled statement of the case, which was denied July 11th.

The other facts are stated in the opinion of the Court.

*Wm. W. Chipman,* for Appellant.

In a case of this kind, no specification of grounds is necessary. None are contemplated nor provided for in the statute. A motion to set aside a nonsuit, and for judgment *non obstante veredicto,* may, I conceive, be made without asking for a new trial, and such a motion may be granted without a new trial.

The Court ought to have allowed an amendment of the statement, if an amendment be deemed necessary; and the order denying the motion is not discretionary merely. It is a matter of right, and is appealable. It is an order subsequent to judgment, and authorized by statute to be reviewed by appellate Court. Transcripts have been sent back to lower Court to allow statements to be amended, restated, and reformed. (*Powell* v. *Waters,* 8 Cow. 55 ; *Codwise* v. *Hecker,* 1 Cain, 74 ; *Smith* v. *Grant,* 7 How. Pr. 381 ; *Westcott* v. *Thompson,* 16 N. Y. 613 ; *Johnson* v. *Whitlock,* 3 Kernan, 344 ; *Tillotson* v. *Cheatham,* 3 Johns. 95 ; and see *Loucks* v. *Edmondson,* 18 Cal. 203, citing *Valentine* v. *Stewart,* 15 Cal. 396 ; *Howe* v. *Briggs,* 17 Cal. 385 ; *Branger* v. *Chevallier,* 9 Cal. 351.)

*W. P. C. Whitney,* for Respondent.

By the Court, Shafter, J.

One of the questions presented is whether it is error for a District Court to refuse to settle a " statement " made in support of a motion to set aside a nonsuit—or to refuse to entertain a motion to amend such statement after it has been filed and served on the opposite party—or error to grant an order striking such statement from the files of the Court.

The District Courts cannot be called upon to review a case .upon the testimony, nor upon an allegation of errors of law occurring at the trial, except in the way pointed out in the Practice Act. That method is simple and straightforward, and, in our judgment, was intended to exclude all others. If the plaintiff desired to have the nonsuit entered against him investigated upon its merits in the District Court, he should have moved for a new trial upon a statement; or if he preferred to bring the case to this Court directly, he could have done so by an appeal from the judgment aided by a statement annexed to the roll. There is a statement in the transcript but it does not purport to be a statement on appeal from the judgment. The result is that the Court did not err in refusing its sanction to a method of reviewing decisions made in the course of a trial, altogether unknown to our system.

The plaintiff has not only appealed from the judgment in favor of Pestner, but also from an order overruling a motion to retax the costs. The memorandum of costs was duly filed October 17, 1863 ; the notice of motion to retax was served June 20, 1864, and the order denying the motion was made on the twenty-seventh of that month. The judgment was entered July 18, 1864. The order appealed from is not in itself appealable, inasmuch as it was not made after final judgment. The proper course would have been to appeal from the judgment—raising the question of the correctness of the taxation by a statement annexed to the judgment roll. (Practice Act, Sec. 344.) We cannot approach the alleged error through an appeal from a non-appealable order.

Judgment affirmed.