[No. 7,127.—Department Two.]
March 21, 1882.

## JOHN NICHOLL v. JOHN W. LITTLEFIELD ET AL.

APPEAL FROM A JUDGMENT OF NONSUIT.—RECORD ON APPEAL.—Appeal from a judgment of non-suit. There was no statement or bill of exceptions setting forth the evidence on which the Court granted the motion. *Held:* The ruling of the Court can not be reviewed.

APPEAL from a judgment for the defendants in the Fifteenth District Court of the City and County of San Francisco. EDMOND, J.

The judgment appealed from contains the following recital:

This cause came on regularly before the Court for trial on the twenty-fourth day of February, A. D. 1880. J. B. Mhoon, Esq., appearing for the plaintiff and B. S. Brooks, Esq., appearing for the defendant, whereupon counsel for plaintiff opened his case and stated to the Court the facts which he intended and expected to be able to prove; thereupon the counsel for defendant moved the Court to nonsuit the plaintiff, and render judgment in favor of defendant upon the ground that the said facts were not sufficient to constitute a cause of action or to entitle the plaintiff to any judgment against the defendant under the pleadings. Said motion was thereupon argued and submitted to the Court for consideration and due deliberation having been had thereon the said motion was granted.

*Flournoy, Mhoon,* and *Flournoy,* for Appellant.

This appeal is from the judgment on the judgment roll. In such case no bill of exception or statement is necessary. (*Jones* v. *Petaluma,* 36 Cal. 230.)

"When an appeal is taken on the judgment roll alone, and no statement is made, a specification of the ground of error is not required to be inserted in the transcript." (*Hutton* v. *Reed,* 25 Cal. 478.)

In the case at bar, it appears from the judgment that the attorney stated the facts that he expected to prove, and inferentially that the complaint was read. That is to say, the attorney stated both the probative facts which he expected to prove, and the ultimate facts necessary to make his case, as they are recited in the complaint.

*B. S. Brooks,* for Respondent.

"It was not error to nonsuit the plaintiff upon the opening statement of counsel." (*Hoffman* v. *Felt,* No. 1,317, Oct. T. 1867; *LeRoy* v. *Milliken,* No. 7,300, Nov. 21, 1881; *Raimond*

v. *Eldridge,* 43 Cal. 506; *Harris* v. *McGregor,* 29 id. 124.) If there was any error of the Court in so doing that error could only be reviewed upon motion for new trial, or appeal upon a bill of exceptions. (*Levy* v. *Getleson,* 27 Cal. 687, 688; *Ringgold* v. *Haven,* 1 id. 108.)

There is no statement or bill of exceptions in the record— nothing from which this Court can know what the opening statement of counsel was, or whether the action of the Court was right or wrong. (*Morris* v. *Angle,* 42 Cal. 236; *Harper* v. *Minor,* 27 id. 107; *Nelson* v. *Mitchell,* 10 id. 92; *Freeborn* v. *Glazer,* 10 id. 337; *Gates* v. *Walker,* 35 id. 289; *Poole* v. *Caulfield,* 45 id. 107; *Stoddart* v. *Burge,* 53 id. 394.)

When the Court can not ascertain from the record whether the Court below erred in granting the nonsuit the judgment must be affirmed. (*Todd* v. *Winants,* 36 Cal. 129)

The COURT:

The only question to which our attention is called in this case relates to the decision of the Court below in granting a nonsuit. That the cause took this course on the trial appears from a recital in the judgment entry found in the transcript. There is no statement or bill of exceptions setting forth the evidence on which the Court determined to grant the motion for a nonsuit. Such being the case, the ruling of the Court below can not be reviewed here. (*Levy* v. *Getleson,* 27 Cal. 685; *Ringgold* v. *Haven,* 1 id. 108.)

Judgment affirmed.