[No. 10,920. Department Two. — March 14, 1884.]

## THE PEOPLE, RESPONDENT, *v.* FRED ROSS, APPELLANT.

CRIMINAL LAW — PRACTICE — REOPENING CASE — DISCRETION. — Reopening a case for the purpose of introducing evidence in support of a plea of once in jeopardy is a matter of discretion, and the refusal of the court is not reviewable.

ID. — EVIDENCE. — Where a defendant is charged with the larcenous taking of certain specified property, evidence regarding other property stolen at the same time and found in the defendant's possession is admissible as tending to connect the defendant with the taking of the property named in the information.

APPEAL from a judgment of the Superior Court of Fresno County.

The defendant was charged with the larceny of a gold watch and chain of the value of one hundred and twenty-five dollars, and ten dollars in silver coin. There was stolen at the same time several packages of cigarettes, and they were found in the possession of the defendant. The defendant objected to the introduction of any evidence regarding the cigarettes. The court overruled the objection.

The remaining facts are stated in the opinion of the court.

*J. G. Rhodes,* and *C. C. Merriam,* for Appellant.

*Attorney-General Marshall,* for Respondent.

MYRICK, J.—The information accused the defendant of the crime of grand larceny, and on being arraigned the defendant pleaded "not guilty," and "once in jeopardy." At the trial evidence was given for the prosecution and for the defense; but none of the evidence relates to the plea of once in jeopardy. After the district attorney had begun his opening argument to the jury, and was about to close, defendant's attorneys asked that they be allowed to reopen their case for the purpose of introducing testimony on the plea of once in jeopardy, and the request was denied. No error appears, it was a matter of discretion.

The evidence regarding the cigarettes was competent, for the reason that it tended to connect the defendant with the taking of the property named in the information; for this reason, doubtless, the court admitted it, notwithstanding the obscure manner in which the district attorney stated its object.

There is no error in the record.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.