[Crim. No. 1067.  In Bank.—February 29, 1904.]

## THE PEOPLE, Respondent, v. UNG TING BOW, Appellant.

CRIMINAL LAW — MURDER — CONSTRUCTION OF CODE — CONVICTION IN
FIRST DEGREE—SUFFICIENCY OF INFORMATION.—The definition of
murder in section 187 of the Penal Code, as being "the unlawful
killing of a human being, with malice aforethought," includes mur-
der in both degrees; and a conviction of murder in the first degree,
if warranted by the evidence, is sufficiently supported by an informa-
tion based upon the language of that section, without averring
that the killing was "deliberate and premeditated."

APPEAL from a judgment of the Superior Court of Kings County.  M. L. Short, Judge.

The facts are stated in the opinion of the court.

R. J. Hudson, J. F. Pryor, and C. W. Talbot, for Appellant.

U. S. Webb, Attorney-General, and L. B. Wilson, for Respondent.

LORIGAN, J.—Defendant was convicted of murder in the first degree and sentenced to be executed.  He appeals from the judgment, and the point made is, that the information does not charge murder in the first degree because it does not allege that the killing was ''deliberate and premeditated.''

This objection has been heretofore directly determined adversely to appellant's contention by this court.

The information under which defendant was convicted is drawn in the language of section 187 of the Penal Code, declaring that ''murder is the unlawful killing of a human being, with malice aforethought.''

It is said in *People* v. *Soto,* 63 Cal. 166: ''Murder, thus defined, includes murder in the first degree and murder in the

second degree. It has many times been decided by this court that it is sufficient to charge the offense committed in the language of the statute defining it. As the offense charged in this case included both degrees of murder, the defendant could be legally convicted of either degree warranted by the evidence."

To the same effect is *People* v. *Hyndman*, 99 Cal. 3.

This is the only point made in the case, and it being without merit, the judgment of the lower court is affirmed.

McFarland, J., Shaw, J., Van Dyke, J., Angellotti, J., and Beatty, C. J., concurred.