[S. F. No. 3050. In Bank.—June 19, 1905.]

## SAMUEL C. MEYER, Respondent, v. NED FOSTER et. al., Defendants; J. J. GOTTLOB, Appellant.

ACTION ON NEGOTIABLE NOTE—INDORSEMENTS—TRANSFER BY DELIVERY—COLLECTION.—A promissory note payable to the order of the maker, indorsed by him and by a third person, is payable to bearer, and transferable by mere delivery with intent to pass the title; and the fact that any subsequent transfer by delivery was made for the purpose of collection does not destroy the effect of the transfer, and the transferee for collection may maintain an action upon the note in his own name against the maker and indorser.

ID.—EVIDENCE—TESTIMONY OF DECEASED MAKER—OFFICIAL REPORT—ORAL PROOF—HARMLESS ERROR AGAINST INDORSER.—Although the official report by the stenographer in long hand, properly certified, would be admissible evidence of the testimony of the deceased maker of the note given upon a former trial, such report does not exclude oral evidence from memory alone by persons who heard his testimony; but a technical error in the exclusion of such oral evidence, as against the indorser, is harmless where it is merely corroborative of the indorser's evidence, which discloses no defense to the action.

ID.—INDORSEMENT BY THIRD PERSON BEFORE APPARENT DATE—NEGOTIATION BY MAKER—WARRANTY BY INDORSER.—A third person, who, at the request of the maker and payee, indorsed the note before its date, which was payable thirty days after date, and was intrusted to the maker for negotiation, by his indorsement warrants to each subsequent holder that the note was what it purported to be on its face, and authorizes the maker to dispose of it as a negotiable note at any time prior to its apparent maturity, and binds him to any subsequent indorsee in due course who gives him notice of dishonor the day after its apparent maturity.

ID.—MATURITY OF NOTE—DATE OF DELIVERY.—Where a note is dated and is expressly made payable a certain time after date, the time of its maturity is to be ascertained by reference to the date written in the note, and not by reference to the actual date of delivery. The fact that it was indorsed and delivered before its date does not affect its validity.

ID.—EVIDENCE—CONSIDERATION OF TRANSFER—DECLARATIONS OF MAKER.—The declarations of the maker of the note to the indorser, made at the time of the indorsement, as to the consideration of the transfer of the note by the maker to the first transferee, uttered in the absence of such transferee, were not competent evidence of such consideration, being mere hearsay, and not part of the *res gestæ* of the transfer.

Id.—REAL PARTY IN INTEREST—DEFENSE NOT MAINTAINABLE.—Where
the plaintiff held the legal title of the note for collection, and
had it in his possession ready to be delivered up, the mere defense
that the plaintiff was not the real party in interest is not main-
tainable in the absence of any showing that he cannot be protected
in the action against the real owner or against other claimants.

Id.—CONSIDERATION OF TRANSFER TO PLAINTIFF—EXCLUSION OF EVI-
DENCE.—Evidence offered by the indorser sued, who has no legal
defense, to show want of consideration for the subsequent transfer
of the note to the plaintiff, and that it was made after the
maturity of the note, was properly rejected.

Id.—READING CODE IN ARGUMENT TO JURY—DISCRETION OF COURT.—
It was within the discretion of the court to refuse to allow counsel
in his argument to read to the jury certain sections of the Civil
Code.

Id.—INSTRUCTIONS PROPERLY REFUSED.—Instructions contrary to law
or inapplicable to the evidence were properly refused.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order denying
a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Knight & Heggerty, for Appellant.

Wascerwitz, being a mere agent to collect, could not make
a lawful transfer to plaintiff for collection. (Civ. Code, sec.
2349; *Woodsum* v. *Code*, 69 Cal. 142, 10 Pac. 331; *Dingley* v.
*McDonald*, 124 Cal. 682, 687, 57 Pac. 574; *Rigby* v. *Lowe*, 125
Cal. 613, 58 Pac. 153; *Brown* v. *Curtis*, 128 Cal. 193, 60 Pac.
773; *Hook* v. *Pratt*, 78 N. Y. 374;[1] *White* v. *National Bank*,
102 U. S. 688, 662; Mechem on Agency, secs. 383, 406; *Smith*
v. *Johnson*, 71 Mo. 382; *Fuller* v. *Bennett*, 55 Mich. 357, 21
N. W. 433; *Davis* v. *Lane*, 8 N. H. 224, 226.) A person cannot
sue for the use of another under the code, which makes it im-
perative that the real party in interest shall sue. (Pomeroy
on Remedies and Remedial Rights, sec. 138.) Parol evidence
was wrongfully excluded to show what the deceased maker
testified to from the memory of the witness, notwithstanding
there may be written evidence. (1 Greenleaf on Evidence, secs.
163, 166; *Shackleford* v. *State*, 33 Ark. 539; *Banning* v. *Mar-
leau*, 121 Cal. 240, 241, 53 Pac. 692; Code Civ. Proc., sec. 1870,
subd. 8.)

---

[1] 34 Am. Rep. 539.

M. H. Wascerwitz, and C. M. Jennings, for Respondent.

The title to the indorsed note passed by delivery, and the holder may sue. (*Poorman* v. *Mills*, 35 Cal. 120, 121;[1] *Eames* v.*Crosier*, 101 Cal. 262, 35 Pac. 873; *Toby* v. *Oregon etc. Ry. Co.*, 98 Cal. 497; *Pendleton* v. *Smissaert*, 1 Colo. App. 508.) An agent who holds the title to a note indorsed in blank, and sues upon it for his principal's benefit, must be deemed the owner, having a right to sue in his own name, and is entitled to judgment when there is no defense against the real owner. (*Flanagan* v. *Brown*, 70 Cal. 254, 11 Pac. 706; *McPherson* v. *Weston*, 64 Cal. 275, 30 Pac. 842; *Fuller* v. *Arnold*, 98 Cal. 527, 33 Pac. 445; *Bank of Lassen County* v. *Sherer*, 108 Cal. 513, 41 Pac. 415.)

SHAW, J.—This is an appeal by the defendant Gottlob from the judgment and from an order denying his motion for a new trial.

The action was upon a note in these words:—

"350.00                 SAN FRANCISCO, Octr. 8, 1895.

"Thirty days after date (without grace) promise to pay to the order of myself three hundred and fifty 00.100 dollars for value received with interest at one (1) per cent per month until paid, both principal and interest payable only in United States gold coin.                 N. W. FOSTER.

(Indorsed)   "J. J. GOTTLOB."

The complaint alleges that this note thus indorsed was indorsed by Foster and delivered on the day of its date to S. H. Collins, who, before its maturity, transferred it to M. H. Wascerwitz, who, after maturity, transferred it to the plaintiff. The answer of Gottlob denies that he indorsed the note, and denies the respective transfers alleged.

The evidence was sufficient to show the making of the transfers. The note was indorsed by Foster, the payee, and by Gottlob, and was therefore payable to bearer and transferable by mere delivery with intent to pass the title (*Poorman* v. *Mills*, 35 Cal. 120[1]), and the testimony of the parties concerned is to the effect that such transfers were made. The fact, also disclosed, that the purpose of each transfer was to enable the respective transferees to collect the note for the

[1] 95 Am. Dec. 90.

benefit of Collins, or of some other person, does not destroy
the effect of the transfer. It was lawful to transfer the title
for that purpose, and the person thus receiving title could
maintain an action on the note in his own name.

There was a technical error in the refusal of the court to
admit oral evidence of the testimony of N. W. Foster, the
maker of the note, upon a former trial of the case. Foster
was dead at the time of the last trial, and any competent evi-
dence of his testimony material to the case, given as a witness
upon a former trial of the same case, would be admissible.
(Code Civ. Proc., sec. 1870, subd. 8; *People* v. *Bird,* 132 Cal.
261, 64 Pac. 259.) The fact that his testimony at the former
trial was taken down by the official reporter in shorthand, and
had been transcribed into longhand writing, does not exclude
oral evidence by persons testifying from memory alone. The
reporter's notes would be but the written memorandum of ·a
third person, taken at the time, under official sanction. If
properly written out and certified, they would be admissible
in evidence without further verification and would be evidence
of the former testimony, but not the only competent evidence.
They would doubtless be much more reliable and satisfactory
evidence, under ordinary circumstances, than any testimony
from memory, but the latter is not rendered incompetent by
the fact of the existence of an official report. We think, how-
ever, that the rejection of the evidence could not have been
injurious. It ·was merely corroboratory of the testimony of
Gottlob as to the time when and place where he, Gottlob,
signed his name on the note as an indorser. The defense rests
solely on the facts disclosed by this testimony of Gottlob, in
connection with the evidence of plaintiff, and we think they
do not constitute a defense to the action.

The defense affirmatively alleged by Gottlob in his answer
was. that the note was executed, indorsed, and transferred to
Collins on February 15, 1895, with the date line blank, that
Collins afterwards without his consent inserted in the blank
space the false date of October 8, 1895, and that notice of
dishonor was not given to Gottlob until November 8, 1895,
which, if the facts stated were true, and the defendant's
theory of the law were correct, would be months after its
actual maturity, and he would be thereby released as indorser.
The evidence does not sustain this defense. Gottlob's testi-
mony was, in effect, that he indorsed his name on the note

before the last of April, 1895, at the Bush-Street Theater; that he did not indorse it on October 8, 1895, nor at any time after April of that year; that Foster asked him to indorse the note for him, Foster, at that time and place, and he then wrote his name as an indorser thereon. On behalf of plaintiff evidence was given to the effect that Collins wrote the note, except the signatures; that Foster signed it in presence of Collins on October 8, 1895, and then went out with the note to get Gottlob to sign it as indorser; that in about ten minutes he returned with Gottlob's signature indorsed on it, and Collins then accepted it in satisfaction of a pre-existing debt. There is no evidence that the date was changed by Collins after the note was delivered to him, nor that the date was not inserted in the note at the time Gottlob indorsed his name on it, precisely as it now appears. Conceding the absolute truth of the testimony of Gottlob, it would prove nothing more than that the note, bearing the date of October 8, 1895, and payable by its terms thirty days after said date, was indorsed by Gottlob in April, 1895, at the request of Foster, who was both maker and payee, and was then, by Gottlob, intrusted to Foster for negotiation. In such a case he would by his indorsement warrant to each subsequent holder that it was what it purported to be on its face (Civ. Code, sec. 3116), and by delivery to Foster he would authorize Foster to dispose of it as a negotiable note at any time thereafter prior to the time of its apparent maturity, and bind him as an indorser thereon, to any indorsee in due course. (Civ. Code, secs. 2300, 2316, 2317, 3117; 4 Am. & Eng. Ency. of Law, 2 ed., 206, 207, 489.)

Therefore, if Collins received the note prior to October 8, 1895, notice of dishonor given on November 8, 1895, the day after its apparent maturity, would be sufficient to hold the indorsers. (Civ. Code, sec. 3147.) Where a note is dated and is expressly made payable a certain time after date, the time of its maturity is to be ascertained by reference to the date written in the note and not by reference to the actual date of delivery. The statement in the note that it was to be paid "thirty days after date" is to be construed to mean thirty days after October 8, 1895, the date written therein. It is not alleged or claimed that any circumstances were known to Collins, or that any existed, which divested Foster of his ostensible authority to deliver the note in the condition it was in,

assuming it to have been delivered before the date it bore. The fact that it was delivered before its date would have no effect on its validity, and Collins, having notice of no other facts affecting it, would have a right to presume that it was intended to be just what it appeared to be, and to enforce it against the maker and indorsers. For these reasons we conclude that the exclusion of the evidence of the testimony of Foster given on the former trial did not injure the appellant.

The declarations of Foster to Gottlob at the time he asked Gottlob to indorse the note, Collins not being present, were not competent evidence of the consideration for the transfer of the note by Foster to Collins. Such declarations were not a part of the *res gestæ* of the transfer, were not evidence against Collins, and, with respect to the consideration of the transfer, were mere hearsay evidence.

Under the issues there was no error in the rulings of the court in the admission of evidence and instructions to the jury upon the contention of appellant that the assignment to plaintiff was unauthorized and that he was not the real party in interest. The note being payable to bearer, and plaintiff having it in his possession at the trial ready to be delivered up, the defense that plaintiff was not the real party in interest could not be maintained unless the defendant shows that he has some defense against the person he claims to be the real owner which he could not make in this action, or that the satisfaction of a judgment against him in this action would not protect him against other claimants. (*Giselman* v. *Starr*, 106 Cal. 657, 40 Pac. 8.) None of these things are alleged or claimed to exist.

The offered testimony to show want of consideration for the transfer to Wascerwitz, and that it was made after maturity, was properly excluded. It is immaterial to an indorser, having no legal defense, whether the subsequent transfers of a note were made in good faith for a valuable consideration and before maturity or not.

It was within the discretion of the court to refuse to allow counsel in his argument to read to the jury certain sections of the Civil Code. (*Sullivan* v. *Royer*, 72 Cal. 248,[1] 13 Pac. 655; *People* v. *Forsythe*, 65 Cal. 104, 3 Pac. 402; *People* v. *Anderson*, 44 Cal. 70; *People* v. *Treadwell*, 60 Cal. 238.)

[1] 1 Am. St. Rep. 51.

The court properly refused to instruct the jury, at defendant's request, that if Gottlob indorsed the note before its date, October 8, 1895, he was released from liability thereon. This assumes that the time of maturity of the note was thirty days after its indorsement, or after its execution, instead of thirty days after its date, as its terms declare. This, as before stated, is not the law.

The defendant asked an instruction to the effect that if Gottlob indorsed the note before October 8, 1895, and Collins, without Gottlob's consent, and after such indorsement, wrote in the date of the note as October 8, 1895, Gottlob was not liable. There was, as we have seen, no evidence that the date was not written in the note at the time it was indorsed by Gottlob, nor that Collins or any other person inserted it thereafter, and the instruction was therefore properly refused on that ground.

There are no other points which require discussion.

The judgment and order are affirmed.

Angellotti, J., Lorigan, J., and Beatty, C. J., concurred.

McFarland, J., dissented.