[Civ. No. 3131.   Second Appellate District, Division One.—May 20, 1920.]

## L. J. MOSLEY, Appellant, v. WILL H. SEELY, Respondent.

[1] PROMISSORY NOTE—ACTION ON—DEFENSE—AGREEMENT TO REPUR-
CHASE INTEREST IN INVENTION—FINDINGS—SUFFICIENCY OF EVI-
DENCE.—In this action to recover upon a promissory note executed
by defendant to plaintiff and his copartner as part consideration
for the transfer to defendant by them of a one-third interest in an
invention for the improvement of cameras, the evidence was suffi-
cient to justify the findings of the trial court to the effect that
plaintiff and his copartner agreed to repurchase the defendant's
interest in the invention on or about a specified time, if the latter
desired to sell, and that defendant, at the time specified, did elect
to sell, and thereafter did sell, his interest in the invention to
plaintiff and his copartner, and the latter paid to defendant a
given sum of money on account of such repurchase, which amount
the court properly added to the amount of the note sued on in
determining the balance due defendant.

[2] PATENTS—HOW ASSIGNED—CONSTRUCTION OF UNITED STATES STAT-
UTE.—Section 4898 of the Revised Statutes of the United States,
providing that an interest in a patent cannot be assigned except
by an instrument in writing, has reference solely to patents or
an interest therein, and not to an invention which has not been
and may never be patented.

APPEAL from a judgment of the Superior Court of San
Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Allison & Dickson for Appellant.

Cecil H. Phillips for Respondent.

SHAW, J.—Action to recover upon a promissory note for
$500 made by defendant to plaintiff and one H. K. Fairall,
in which, as alleged in the complaint, Fairall transferred his
interest therein to plaintiff, who was the legal holder thereof,
and all of which remains unpaid.

The answer not only raised issues as to the ownership of
the note and nonpayment thereof, but alleged that the note

was in part consideration for a transfer to him by plaintiff and Fairall of a one-third interest in an invention for the improvement of cameras, for which at the time he paid $500 in cash and gave the note in question; that thereafter by mutual consent he reconveyed the interest, whereupon the obligation was rescinded.

[1] Further answering and as a counterclaim, he alleged that at the time of the making of the note plaintiff and Fairall gave him a written agreement that in case he should desire to sell the interest and improvement in cameras so transferred to him on September 8, 1914, which was the date of the note, they would repurchase the same on or about January 15, 1915, at the price so paid by him; that thereafter, to wit, on or about January 14, 1915, he elected to sell the same back to them and so notified Fairall and plaintiff, who repurchased his interest for the sum of $1,000, upon which they paid the sum of $250, leaving a balance due and unpaid of $750, all of which allegations plaintiff by answer denied.

Upon the issues so tendered, the court made findings adverse to plaintiff and gave judgment thereon in favor of defendant, from which plaintiff appeals, claiming the evidence is insufficient to support certain findings. These findings are, first, that plaintiff is not the legal holder and owner of the promissory note. As appears from the record, the note was made payable to H. K. Fairall and L. J. Mosley, by both of whom it was indorsed and, therefore, like a note payable to bearer, subject to transfer by mere delivery with intent to pass title thereto. (*Meyer* v. *Foster,* 147 Cal. 166, [81 Pac. 402]; *Eames* v. *Crosier,* 101 Cal. 260, [35 Pac. 873].) Conceding, however, that this and the further finding that the payees of the note agreed that they would not transfer the same are without support of evidence, the error could not affect the judgment, since the note was not transferred and, in our opinion, the evidence is sufficient to support the further finding, upon which the judgment rests, to the effect that plaintiff agreed to rebuy from defendant the interest in said camera improvement at a like price to that paid by him therefor, and "that on or about the fourteenth day of January, 1915, defendant elected to sell, and on or about the twenty-ninth day of May, 1915, did sell, his said one-third interest in said improvement in

47 Cal. App.—39

cameras, to said plaintiff and said Fairall, in accordance with last-mentioned agreement, and on or about last-mentioned date said plaintiff and said Fairall bought the same back from defendant in accordance with said agreement,'' which sale so made by defendant to plaintiff and Fairall was by them accepted. And, in this connection, the court, upon sufficient evidence, further found that plaintiff and Fairall paid to him the sum of $250, which, together with the promissory note, amounted to $750, thus leaving a balance due him of $250, for which he was given judgment. The evidence in support of these findings is, first, a written agreement signed by Fairall and Mosley whereby they agreed to repurchase the improvement in cameras from defendant at the same price paid therefor by him; and, second, testimony of Fairall to the effect that, for himself and plaintiff and pursuant to the terms of said agreement, he purchased from defendant the interest by them sold to him in said camera invention, and paid thereon the sum of $250. This was on May 29, 1915, from which date, his testimony tends to prove, they did not regard defendant as having any interest in the invention and dealt with other parties as to the invention, assuming they owned the whole thereof. [2] The alleged insufficiency of evidence to support these findings is based upon the sole claim that defer lant did not execute a written assignment of transfer of his interest in said invention to plaintiff and Fairall; the argument being that, under section 4898 of the Revised Statutes of the United States, an interest in a patent cannot be assigned except by an instrument in writing, in support of which he also cites several authorities. Conceding this to be true, there is no evidence that the invention was patented or that it was even patentable, and, as said· in *Burr* v. *De La Vergne,* 102 N. Y. 415, [7 N. E. 366], said section 4898 has reference solely to patents or an interest therein. It does not relate to an invention which has not been and may never be patented.

The evidence clearly tends to prove that plaintiff and Fairall, his copartner,· agreed in writing to repurchase the interest sold by them to defendant in case he desired to sell; that he did express his desire to resell, and thereupon Fairall, with the knowledge of plaintiff, paid him $250 toward the repurchase, and, according to his testimony and that of defend-

ant, both regarded the interest as belonging to plaintiff and Fairall, and in subsequent transactions dealt with it as being their own. We perceive no merit in the errors pointed out by appellant. Plaintiff and Fairall owned the invention. They agreed, at his option, to buy back the interest therein sold to him, and upon his exercising the option, paid him $250 on account of such resale, thus leaving a balance due him of $750, upon which the effect of the judgment is to credit them with the $500 note. Applying section 4½ of article VI of the constitution, we cannot escape the conviction that whatever errors were committed in the trial, they did not result in a miscarriage of justice.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.