[Crim. No. 1142. First Appellate District, Division One.—January 19, 1924.]

## THE PEOPLE, Respondent, v. JOE ONESSIMO, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—INTENT—EVIDENCE—QUESTION OF FACT.—In a prosecution for an assault with intent to commit rape, the intent with which the assault is committed is a fact which can only be inferred from the outward act and the surrounding circumstances; and it is a question of fact for the jury and not a question of law for the court, except in a case where the facts proven afford no reasonable ground for the inference drawn.

[2] ID.—INTENT — EVIDENCE — INFERENCE — APPEAL.—On this appeal from a verdict of guilty in a prosecution for assault with intent to commit rape, the appellate court could not say that the facts proven afforded the jury no reasonable ground for the inference that defendant was actuated in what he did by a felonious intent.

[3] ID.—ARGUMENT—READING OF LAW.—In such a prosecution, it is not error to refuse to permit counsel for defendant, in his argument, to read law to the jury.

[4] ID.—FORMS OF VERDICT—INSTRUCTIONS.—In such prosecution, the court having fully and fairly instructed the jury as to the law and the rights of the defendant, and having prepared three forms of verdict, one finding defendant guilty of assault with intent to commit rape, another finding defendant guilty of simple assault, and a third presumably finding him not guilty, it was not error for the trial judge, after instructing the jury that he had prepared three forms of verdict and they should adopt the one that conformed to their views, to further instruct the jury with reference to the first two forms of verdict, without making any reference to the third.

[5] ID.—CUMULATIVE INSTRUCTIONS.—The trial court, having fully and fairly instructed the jury as to the law and the rights of defendant, did not err in refusing to give other instructions requested

by defendant, but which were in the main covered by the many instructions given, or, where they were not, their refusal was proper.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Thompson for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

ST. SURE, J.—Defendant, an Indian boy nineteen years of age, was convicted of an assault with intent to commit rape on a white woman of thirty-six years. He appeals from the judgment and from an order denying his motion for a new trial. The prosecuting witness is a married woman with two children, living on a ranch in Monterey County. From the ranch across Carmel River to a trail leading to the county road on which was the ranch mail-box is a suspension footbridge. Near the county road, but some little distance from the trail, is the home of the defendant. The trail is fringed with trees and underbrush, but at a certain point can be seen from the county road. On the morning in question the prosecutrix had been across the bridge, over the trail and to the mail-box for her mail. On returning she saw the defendant standing near the entrance to the trail, which sloped steeply up to the bridge. She waited for the defendant to cross and come down the trail. She was afraid to meet him on the footbridge. As the defendant approached she said something about its being a nice day, and she noticed that defendant's trousers, with the exception of the top button, were open. The trail was narrow and she waited for defendant to pass. "He was in my way," testified the prosecutrix. "The trail was quite narrow, and as I stated this blackberry bush was on one side and there was a barb-wire fence there. I don't believe the trail was a foot wide, and I thought he would walk on and let me go home, so he didn't make any move, and I said, 'Joe, are you working on this side of the river?' and he said, 'Yes,' and I said, 'Where are you working, at

Walter's Ranch,' and he said, 'No, the other place,' and
it was getting along towards dinner time so I started up
the trail to pass him.''

Defendant suddenly exposed himself, calling her atten-
tion, and then began ''grabbing at'' her ankles, having hold
of her once, and touching her several times. She says she
fought him, dancing with her feet to keep him from laying
hold of her. She also seized his hat. She did not drop
the mail she was holding. She screamed the name of a
hired man she knew to be on the ranch, and he came run-
ning. He says he saw the defendant running away as he
came. The prosecuting witness says the defendant did not
desist and run away until he heard the hired man reply;
that he then said, ''No, no,'' started running away, came
back, snatched his hat and ran off into the brush. He did
not go home that night, but went home for breakfast next
morning, according to his mother and sister. He was cap-
tured while going through the brush by one of the men out
searching for him.

Defendant contends that the evidence was insufficient to
warrant the inference that he was actuated in what he did
by the alleged felonious intent. He argues that the evidence
shows that he voluntarily abandoned his purpose before any
independent agent intervened, and that he did not intend to
accomplish his purpose by force. Defendant, when arrested,
said a white boy in Carmel had outlined to him the pro-
cedure he followed.

Counsel for defendant admits that while the testimony
of the prosecutrix was uncorroborated, the jury evidently
believed her story, and, therefore, it will have to be taken as
true upon appeal. He urges, however, that the ''evidence
does not show the intent in the mind of the defendant which
the law requires.'' [1] In such cases as this the intent
with which an assault is committed is a fact which can only
be inferred from the outward act and the surrounding cir-
cumstances. It is, in other words, a question of fact for the
jury and not a question of law for the court, except in a
case where the facts proven afford no reasonable ground for
the inference drawn (*People* v. *Moore*, 155 Cal. 237, 240
[100 Pac. 688]). [2] Upon a consideration of all of the
evidence we are unable to say that the facts proven afforded

the jury no reasonable ground for the inference that defendant was actuated in what he did by a felonious intent.

[3] Defendant's next assignment is that the trial court erred in refusing to permit counsel to read law to the jury. Counsel concedes that "the law should come from the court," also that "the trial court in the instructions gave the principle of law" he wished to read to the jury, but he thinks he should have been permitted to proceed with his argument without interruption. As a general rule, the practice of allowing counsel, in either civil or criminal actions, to read law to the jury, is objectionable, and ought not to be tolerated. Its usual effect is to confuse rather than enlighten the jury. (*People* v. *Anderson,* 44 Cal. 65, 70.) It has even been held that it is within the discretion of the court to refuse to allow counsel in his argument to read to the jury certain sections of the Civil Code (*Meyer* v. *Foster,* 147 Cal. 166, 171 [81 Pac. 402]).

[4] There is no merit in the contention that the trial court erred in giving instruction number 20. The instruction given by the court was, in part: "I have prepared three forms of verdict, and you will adopt the one that conforms to your views:

"If, from the evidence, you believe the defendant guilty of the crime of assault with intent to commit rape, beyond all reasonable doubt, you should find him guilty as charged in the information, namely of assault with intent to commit rape. If you believe the defendant guilty beyond all reasonable doubt of assault often spoken of and called simple assault, but do not find him guilty of assault with intent to commit rape, then you should find him guilty of assault." The jury was not misled by this instruction. Obviously when the trial judge gave the instruction he had before him three forms of verdict, viz., one finding the defendant guilty of the crime of assault with intent to commit rape; the second, guilty of assault, and the third, not guilty. The court mentioned the first two for the purpose of distinguishing between "assault with intent to commit rape" and "simple assault." The court had fully and fairly instructed the jury as to the law and the rights of the defendant, and upon reading the charge we think that it was, upon the whole, fair and favorable to the defendant.

[5]   We see no error in the refusal of the court to give instructions numbers 21, 29, 34, and 36, requested by defendant. The principle of law which defendant sought to place before the jury in number 29 is fully covered in instructions numbers 11, 12, 13, 14, 15, and 16, which were given. We have read and considered the additional instructions requested by defendant and refused, upon which assignment of error is made. We find that they were in the main covered by the many instructions given, and where they were not, their refusal was proper.

Judgment and order affirmed.

Tyler, P. J., and Short, J., *pro tem.*, concurred.