THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PORFIRIO COLÓN, Defendant and Appellant.

No. 11014. Argued December 11, 1945.—Decided February 28, 1946.

716

Juan B. Soto for appellant. E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General, and J. Rivera Barreras for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

This is the second time this case is brought up for our consideration. In a previous appeal we reversed a judgment of murder in the second degree, because it was proved that the appellant had been deprived of a fundamental right in failing to take stenographically the charges of the court to the jury. *People* v. *Colón*, 63 P.R.R. 371. The case was remanded to the lower court and a new trial had wherein a jury brought in a verdict finding defendant guilty of voluntary manslaughter, and thereupon he was sentenced to serve eight year's imprisonment at hard labor. It is this judgment that we are now asked to review.

The nature of the errors assigned requires that in the statement of facts we allude to an incident which took place at the commencement of the first trial in the lower court.

The information filed in this case charges the defendant with the crime of murder. At the commencement of the first trial the prosecuting attorney announced to the court that he was going to proceed as if defendant had been charged with murder in the second degree. The jury, as we have pointed out, brought in a verdict of murder in the second degree which was accepted by the court and sentence was accordingly imposed. At the new trial, when the case was called for hearing, the prosecuting attorney, under the same information, announced that he would prosecute the case for murder in the first degree which he did, the defendant having enjoyed his right of peremptory challenges corresponding to

a case of murder in the first degree. This time the jury, as we have seen, brought in a verdict of voluntary manslaughter.

We shall first set forth the facts of the case and then proceed to discuss the errors assigned.

The evidence for the prosecution tends to show that on the night of July 19, 1942, the defendant, who was at that time an insular policeman, pursued two individuals in order to arrest them. They stopped and the defendant slapped one of them in the face. Then they fled and ran along 9th and 10th Streets at Barrio Obrero being pursued by the defendant who fired two or three shots with his revolver, one of which caused the death of Pastor Cortray Avilés who was incidentally talking with his wife and some neighbors in front of Pedro Altiery's house.

The evidence for the defendant tends to show that on the night of the occurrence he was rendering service as a policeman in Barrio Obrero and that his chief had ordered him to pursue a certain gang of thieves who at that time were committing robbery and burglary in Barrio Obrero; that on said night he saw two individuals who were walking in his same direction in front of him uttering loudly obscene words; that when he came nearer to them he noticed that they answered the description of those who, according to some confidence he had received, belonged to the aforesaid gang; that when he tried to arrest them they assaulted him but that he defended himself and as they fled he ran after them; that in order to frighten them and cause them to stop he fired two shots into the air; that the individuals continued their flight making their capture impossible and that it was on the next day that he learned he had wounded the deceased.

I

■■ Appellant attaches a great importance to the error assigned consisting in that over his objection the lower court permitted the prosecuting attorney, in the second trial, to

consider the charge as of murder in the first degree when in the former trial he had reduced it to murder in the second degree.

We have already held that murder is a single crime divided into two degrees according to the wickedness shown by the defendant and for the mere purpose of imposing the penalty. *People* v. *Ortiz,* 62 P.R.R. 246; 1 Warren on Homicide, 354. The fact that for reasons which do not appear from the record the prosecuting attorney should choose to prosecute the former case as of murder in the second degree did not confer any vested right on the defendant to have the same concession in the second trial. The offense charged in this case includes both degrees of murder and the defendant can be legally convicted of either degree warranted by the evidence. *People* v. *Ung Ting Bow,* 142 Cal. 341, 75 Pac. 899.

But apart from these considerations, the record shows that the appellant suffered no prejudice whatsoever by reason of having the case prosecuted for murder in the first degree, for in the former trial he was convicted of murder in the second degree and in the second trial, wherein the prosecution was for murder in the first degree, the jury brought in a verdict of voluntary manslaughter.

## II

■ Appellant complains that in the course of his argument before the jury, his attorney tried to read the law which in his opinion was applicable to the case; that the prosecuting attorney objected and the court, relying on subdivision 5 of § 233 of the Code of Criminal Procedure,[1] sustained the objection. In effect, this statutory provision does not prohibit the reading of books of law to the jury, but neither does it grant such right. It is not to be expected that in their re-

[1] Subdivision 5 of § 233 reads thus:

"The parties may then respectively offer rebutting testimony only against the evidence originally offered, unless the court, for good reason, in furtherance of justice, shall permit them to offer evidence upon their original case."

ports to the jury the prosecuting attorney and counsel for defense should confine themselves to merely setting forth the facts and drawing any logical inference which may emerge therefrom. As a general rule reference must be made to the law applicable to the case in order to argue before the jury whether the evidence presented is sufficient to prove the guilt of the defendant. Provided that the reading of the law be correct and should not prove misleading to the jury, the argument on the law applicable to the case is permissible under that part of § 233 which provides that the prosecuting attorney should confine his address to rebutting the argument of the defense "and correcting any misstatement of law or fact..." This does not mean, however, that the prosecuting attorney or the defense is entitled to read to the jury what they believe to be the law applicable to the case. Since our decision in *People* v. *Salinas,* 9 P.R.R. 334, the rule has been established that counsel is not entitled to read law to the jury.

In *People* v. *Onessimo,* 224 Pac. 101, 102 (Cal. 1924), it was held that as a general rule the practice of allowing counsel to read law to the jury is objectionable and should not be tolerated, for its usual effect is to confuse rather than enlighten the jury.

We are of the opinion, therefore, that the lower court acted correctly in refusing to allow said reading.

### III

 Defendant alleges that the lower court erred in refusing to charge the jury with the special instructions requested by him marked 2 and 5, which read thus:

"2. The prosecuting attorney must prove that the defendant assaulted Pastor Cortray Avilés with a revolver on July 19, 1942, in Santurce, Puerto Rico.

"5. The prosecuting attorney must prove that the defendant acted with the criminal intention and deliberate purpose of killing Pastor Cortray Avilés."

It is true that the information herein charged that the appellant, on July 19, 1942, in Santurce, Puerto Rico, "then and there, unlawfully and willfully, with malice aforethought and the firm and deliberate intention of killing, showing, therefore, an evil and malignant heart, did kill Pastor Cortray Avilés, a human being, whom he assaulted and battered with a revolver, which is a deadly weapon, inflicting a bullet wound of a serious nature, as a consequence of which Pastor Cortray Avilés died on July 21, 1942, and that said wound was inflicted by the defendant Porfirio Colón Aponte, with the intention of killing him."

It is a universal rule of criminal law that every person intends and is responsible for the natural consequences of his actions. Hence, when *A*, upon attempting a criminal act against *B*, wounds or kills *C*, it is the same as if he had intended the criminal act against *C*. *People* v. *Estrella*, 42 P.R.R. 331; *People* v. *Cabán*, 45 P.R.R. 210; *People* v. *Cartagena*, 54 P.R.R. 827.

Defendant's evidence tended to show that, although the shots had been fired to frighten the individuals which fled from the policeman, one of the shots reached Pastor Cortray Avilés, causing his death two days later. We have previously decided that there is no fatal variance between ·the information and the evidence under these circumstances, and that the language used by the prosecuting attorney in drawing up the information is correct, for it should allege that the assault was made against the injured party as though in all respects said party had been the person against whom the assault had been intended. *People* v. *Cartagena, supra*, p. 834.' To pretend that the court should instruct the jury to the effect that the prosecuting attorney was bound to prove that the defendant assaulted Pastor Cortray Avilés with the criminal intention and the deliberate purpose of killing him is tantamount to ignoring the doctrine of constructive intent to which we have just referred.

## IV

■■ Appellant assigns as error the refusal of the court to give the special instructions marked 10 and 11, which read thus:

"10. If the jury finds that the evidence reveals that the defendant, while being an insular policeman, tried to arrest two individuals who at that time, in his presence, and in the street were using vulgar, profane, and indecent language in the presence or within the hearing of women and children, and that in trying to arrest them they fled and the defendant, using ordinary care and the usual precautions, fired his revolver into the air in order to frighten them, thereby wounding Pastor Cortray Avilés, he performed a legal act by lawful means and the jury should acquit him.

"11. If the jury finds that it appears from the evidence that the defendant, while being a policeman, tried to arrest two individuals whom he heard had committed burglary on the previous night or about that time, in the place called Barrio Obrero, and that in trying to arrest them, they offered resistance and fled and the defendant pursued them, and in order to overcome their resistance, using ordinary care and precaution, fired several shots into the air, as a consequence of which the deceased Pastor Cortray Avilés was wounded, the jury should acquit the defendant because the latter acted on the performance of his legitimate duties."

Since it appears from defendant's testimony that the offense committed in his presence by the two unknown persons was a misdemeanor and that as revealed by the evidence they made no use of violence in order to prevent their arrest, since they fled, for which reason it may not be alleged that the defendant, upon firing into the air as he alleges, acted in self-defense, we must conclude that he was not justified in firing said shots even if it was into the air, especially if it is taken into account that the scene of the crime is an urban section where he took the chance of wounding a third person as he actually did. *People* v. *López,* 36 P.R.R. 527; Annotation, 3 A.L.R. 1173; *People* v. *Lathrop,* 192 P. 722 (Cal. 1920). The lower court acted correctly in refusing to give special instruction No. 10.

Nor did the court err in refusing to give special instruction No. 11. The law governing this subject is § 208 of the Penal Code, which in its pertinent part reads thus:

"Homicide is justifiable when committed by public officers, and those acting by their command in their aid and assistance either:

"1. * * * * * * *

"2. * * * * * * *

"3. When necessarily committed in retaking felons who have been rescued or have escaped, or when necessarily committed in arresting persons charged with felony, and who are fleeing from justice or resisting such arrest."

As it will be readily seen, the facts in this case are not covered by subdivision 3 of the above-copied Section, since the defendant was not trying to retake felons who had escaped or any other person charged with felony, who were fleeing from justice or resisting such arrest, but merely persons whom the defendant suspected, by an alleged confidence, of having committed certain thefts or burglaries without it even appearing from the record that said alleged offenses were felonies.

## V

 Lastly the defendant contends that the judgment should be reversed because of certain statements made by the prosecuting attorney to the jury, which we shall presently copy, and which he alleges are not supported by the evidence.

(a) Upon discussing counsel's argument on rebuttal, the prosecuting attorney stated that the defendant pulled out his revolver and "started to shoot at the two individuals."

Counsel for the defense objected and the court sustained the prosecuting attorney as follows:

"THE COURT: The court orders that it be stated in the record that witness Herminia Meléndez, upon being examined by the defendant, testified that she had seen the defendant fire a second shot at the person who was running in front of him. For this reason the court allows the prosecuting attorney to continue arguing in the manner he was doing it."

It appears from the record that the statement of the court is supported by the testimony of witness Herminia Meléndez, and consequently, there was no error in allowing the prosecuting attorney to make his statement.

(b). The defendant also complains that the prosecuting attorney in his argument to the jury, said that in the present trial the defendant admitted that he had fired his gun while in the former trial he denied it.

The court sustained the objection of the defense thus:

"THE COURT: The court wishes to clarify the statements made by the prosecuting attorney as to this point. The defendant testified that in the former trial in September, upon being asked whether he fired, he denied it; he was asked if he had fired between 9:00 and 9:30 in the evening and at that time he was in a place different from that where the accident occurred. Now, today he admits that between 10:00 and 10:20 on the evening of July 19 he fired the shots into the air in 10th and Corta Streets at Barrio Obrero, Santurce."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"THE COURT: The court sustained the defendant's objection because the argument of the prosecuting attorney was based on facts which have not been proved."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"THE COURT: This gentleman never denied on the witness stand, from what I heard, that he had fired his gun, because the question put to him and read by his attorney was whether he had fired between 9:00 and 9:30 in the evening, and this he denied on the ground that he was not there."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"THE COURT: The district attorney has just stated,—and now come the words objected to—that the defendant said in another trial that he had never fired the shots. He stated that he had never fired between 9:00 and 9:30 in the evening. The court sustains the objection and orders the prosecuting attorney to stop arguing in that sense."

Although it is true that it does not appear from the record that the court charged the jury to disregard the statements of the prosecuting attorney, which is the better practice, considering the reprobation by the court, in the presence of the

jury, of the prosecuting attorney's statement, and the court itself having clarified what had happened as disclosed by the evidence, we can not agree with the defendant that the statements of the prosecuting attorney prejudiced his substantial rights.

(c) Lastly, the defendant complains that the prosecuting attorney stated in his argument to the jury that the defendant pulled out his revolver "in order to shoot the first person he could come across."

When the defense objected the court made the following statements:

"THE COURT: Yes, it is the opinion of the court that there are no express statements to that effect."

\* \* \* \* \* \* \*

"THE COURT: Shots were fired there, but those are inferences."

Considering that the prosecuting attorney as well as counsel for defendant may draw inferences from the evidence offered, the prosecuting attorney could have inferred, with more or less reason, that when the defendant fired in the manner he did, it amounted to "shooting the first person he came across." We find no reason for disturbing the judgment on this ground.

In our opinion, none of the errors assigned by the appellant has any merit. For the reasons stated the judgment appealed from must be affirmed.

Mr. Justice Córdova did not participate herein.