[No. 10,928.  In Bank.—May 20, 1884.]

## THE PEOPLE, RESPONDENT, v. WILLIAM BENNETT, APPELLANT.

CRIMINAL LAW—HOMICIDE—IMMATERIAL EVIDENCE—ERROR WITHOUT PREJUDICE.
—The defendant was charged with murder, and during the trial the court permitted the introduction of evidence on behalf of the prosecution, against the objections of the defendant, respecting the habit of the deceased in walking with his hands in his pockets.  Subsequently the defendant attempted to prove that when he shot, deceased had his hands in his pocket, with the intention, as defendant supposed, of drawing a deadly weapon.  *Held*, that the admission of evidence as to the habit of deceased in walking with his hands in his pockets was not prejudicial to defendant.

ID.—RECEIVING VERDICT—POLLING JURY IN ABSENCE OF DEFENDANT'S ATTORNEY.
—The defendant's attorney was informed that the jury had come into court with a verdict, and after waiting a sufficient length of time for the attorney to arrive, the court received the verdict, polled the jury, and discharged it in his absence.  *Held*, that the defendant was not prejudiced.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George W. Bowie*, and *L. B. Mizner*, for Appellant.

*Attorney-General Marshall*, for Respondent.

SHARPSTEIN, J.— Whether the deceased "usually walked with his hands in his pockets" would not have been of the slightest importance, and would, therefore, have been an immaterial circumstance, if the defendant had not, after the admission of evidence as to the habit of deceased in that respect, attempted to prove that when deceased was shot, he had his hand in his pocket with the intention, as defendant supposed, of drawing a deadly weapon therefrom, with which to attack him.   When the question objected to was asked, it was simply immaterial, and evidence that deceased usually walked with his hands in his pockets could not have prejudiced the defendant any more than evidence that the deceased usually walked with his hands outside of his pockets would.

Such evidence in no way tended to strengthen the case of the prosecution.   The only effect it could have had was to weaken that of the defendant.   And whether introduced before or

after the defendant had developed his defense, the effect would have been the same. So that the only question is, whether it would have been admissible at any stage of the trial. The insistence of defendant's counsel is that it would not, "unless the knowledge of such habit" could be "brought home to the defendant." Precisely how this should have been done is not stated. If the deceased usually walked with his hands in his pockets, the defendant might or might not have observed it. The probability of his having done so would depend largely on the opportunities he had had for observing it. So that the weight of such testimony would depend on circumstances which it was proper for the jury to consider. But there is another ground on which such evidence was, in our opinion, clearly admissible. The defendant testified that when he shot the deceased the latter had his hand in his right pantaloons' pocket. Several witnesses for the prosecution testified that he was walking with both hands in the front pockets of his pantaloons. Under such circumstances, evidence that he usually walked with them there tended to corroborate the evidence of the witnesses, who testified that when shot he was walking with them there.

It would have been better to have waited until the defendant had introduced evidence on this point before introducing the evidence objected to, and then to have introduced it in rebuttal. But, as before suggested, it would then have been no less prejudicial to the defendant. At most it was error without injury.

When the jury came into court with a verdict, and the defendant's attorney was informed of the fact, we think the court, after waiting a sufficient length of time for said attorney to come into court, if he had been so disposed, was justified in receiving the verdict, polling the jury, and discharging it, as was done. It is impossible to see, and no attempt is made to show, how the defendant could have been prejudiced, in any degree, by the action of the court.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J., concurred.

ROSS, J., concurring.—I do not agree that the court below was right in admitting testimony as to the custom of deceased in

walking with his hands in his pockets; but in view of the whole case, I do not think it was such an error as calls for a reversal. I concur in the judgment.