[Crim., Sac. No. 212   In Bank.—May 11, 1897.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE D. CADY, APPELLANT.

CRIMINAL LAW—HOMICIDE—EVIDENCE—DEPOSITION TAKEN AT PRELIMIN-
ARY EXAMINATION—CONSTITUTIONAL LAW.—Depositions taken at the
preliminary examination of a defendant charged with the crime of
murder, may be read in evidence for the prosecution, as provided for in
section 686 of the Penal Code, and that section as applied to cases of
homicide, is not in conflict with the provision of section 13 of article 1
of the Constitution, that "the legislature shall have power to provide
for the taking, in the presence of the party accused and his counsel, of
depositions of witnesses in criminal cases other than cases of homicide,
when there is reason to believe that the witnesses, from inability or
other cause, will not attend at the trial."

APPEAL from a judgment of the Superior Court of
Shasta County and from an order denying a new trial.
EDWARD SWEENEY, Judge.

The facts are stated in the opinion of the court.

*Clay W. Taylor, J. Chadbourne,* and *H. E. Highton,* for
Appellant.

*W. F. Fitzgerald, Attorney General,* and *W. H. Ander-
son, Assistant Attorney General,* for Respondent.

McFARLAND, J.—The defendant was charged in the
information with the crime of murder, and was con-
victed of manslaughter. He appeals from the judg-
ment and order denying his motion for a new trial.

1. The main point made by appellant for a reversal
is that the court erred in permitting the testimony of
one Champion, taken at the preliminary examination,
to be read in evidence by the prosecution—the conten-
tion being that such testimony cannot, under the con-
stitution, be admitted under any circumstances. But
this cause had been submitted upon oral argument and
written briefs some time before the decision by this
court of the case of *People* v. *Sierp*; and in the latter
case the arguments presented upon this point in the
case at bar were fully considered. In the Sierp case the

point as to the admissibility of testimony given at a preliminary examination was thoroughly considered, and determined adversely to the contention of the appellant in the present case. We adhere to the rule there declared. (See *People* v. *Sierp,* 116 Cal. 249.)

2. Appellant contends that the verdict was unwarranted by the evidence; but an examination of the record clearly shows sufficient evidence to justify the jury in finding the appellant guilty of manslaughter. We do not deem it necessary to state the evidence here in detail.

3. Under the head of "Assignment of Errors" the appellant states seventeen alleged errors of the court below in ruling upon the admissibility of evidence. These assignments of errors are little more than mere concise statements of conclusions that the court did err in its rulings, with but little if anything in the way of argument to show the correctness of the conclusions arrived at by appellant as to such rulings. All these " assignments" are answered quite fully in the brief of the attorney general; and in appellant's reply brief he merely says that " in reference to the seventeen assignments of error shortly discussed by the state, with the exception hereinafter mentioned, there is neither time nor opportunity for a reply, even if a reply be needed, but they are and each of them is implicitly relied upon." "The exception hereinafter mentioned " was the objection to the testimony of the witness Champion hereinbefore alluded to, which objection was also put in a concise way in said " assignment of errors" in addition to being elaborately argued in another part of the brief. Under these circumstances we do not feel called upon to notice the other sixteen alleged errors in detail. It is sufficient to say that we have examined the rulings of the court so excepted to, and find in them no prejudicial error.

The judgment and order appealed from are affirmed.

HARRISON, J., HENSHAW, J., VAN FLEET, J., TEMPLE, J., and GAROUTTE, J., concur.