[Crim. No. 692.   Department Two. — March 19, 1901.]

## THE PEOPLE, Respondent, v. R. A. BIRD, Appellant.

CRIMINAL LAW — EVIDENCE — TESTIMONY GIVEN UPON FORMER TRIAL — COMMON-LAW RULE — MODIFICATION — RIGHTS OF DEFENDANT. — The common-law rule that the testimony of a witness given upon a former trial of a cause between the same parties is admissible for or against either party, upon showing that the witness is dead or without the jurisdiction of the court, though modified by the Penal Code so as to forbid the prosecution in a criminal case from introducing the testimony of a deceased or absent witness unless taken before the committing magistrate, or by deposition taken conditionally in the presence of the defendant, remains unchanged as to the rights of the defendant.

ID. — TESTIMONY GIVEN UPON PRELIMINARY EXAMINATION — EVIDENCE FOR PROSECUTION — RIGHT OF DEFENDANT NOT LIMITED. — The fact that the prosecution has introduced the evidence of a deceased witness taken upon the preliminary examination cannot limit the right of the defendant to prove testimony given by the same witness upon the former trials of the case.

ID. — WAIVER OF RIGHT OF CONFRONTATION — PREJUDICIAL ERROR. — The defendant may waive his right to be confronted with the witnesses, and may introduce the testimony of deceased or absent witnesses, whether given at the preliminary examination or on a former trial; and to refuse to permit him to introduce such testimony given upon former trials is prejudicial error, for which a judgment of conviction may be reversed.

ID. — OFFER OF TESTIMONY FORMERLY GIVEN — TESTIMONY OF REPORTER — OFFICIAL TRANSCRIPT. — An offer by the defendant to

132  261
137  551
132  261
139  530
132  261
147  169

prove the admissible testimony of witnesses given upon a former trial, which was not alone to prove their testimony by the recollection of the official reporter, reinforced by his stenographic notes, but included, as well, an offer to prove it by the official transcript of those notes on file in the court, is sufficient to show prejudicial error in refusing to admit the testimony.

ID. — PRACTICE NOT COMMENDED — PREJUDICIAL TESTIMONY ADMITTED AND NOT CONNECTED — CORRECTION OF ERROR. — The practice of admitting prejudicial testimony for the prosecution upon an offer to connect it, and properly striking it out upon failure to do so, and instructing the jury to disregard it, is not to be commended. Its admission, notwithstanding it is stricken out, inevitably leaves some impression upon the minds of the jurors.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

R. A. Bird, Appellant, *in pro. per.*

Earl Rogers, *amicus curiæ*, for Appellant.

Tirey L. Ford, Attorney-General, for Respondent.

HENSHAW, J. — This is an appeal from a judgment of conviction upon a charge of forgery. The facts sufficient for an understanding of the matters of law here presented for consideration will be found in the former appeal of *People* v. *Bird,* 124 Cal. 33.

Upon the trial of this cause, a witness, — Grove, the teller of the bank, — who had paid the money on the check presented by defendant, was admitted to be dead. He had testified at the preliminary examination of defendant, and upon two trials of this case. The prosecution offered, and there was admitted in evidence, the testimony of the deceased witness given upon the preliminary examination. The defendant then, in various ways and by different offers, sought to introduce in evidence the testimony of Grove given at the former trials of this case, and the evidence was excluded. Some objection is here made by respondent to the sufficiency of the form of these offers, but the objections are too technical to justify consideration in so important a matter, for it is plain that the rulings of the court went, not to the form of the objections, but to the single proposition that the testimony of the deceased witness given upon

former trials was under no circumstances admissible, and that only the testimony that such a witness had given upon preliminary examination was admissible. At common law, the testimony of a witness given upon a former trial of a cause between the same parties was admissible for or against either party, upon showing that he was dead or without the jurisdiction of the court. Such was the undoubted rule of evidence at common law, and before the adoption of the codes it was sanctioned and employed in this state. (*People* v. *Murphy*, 45 Cal. 137; *People* v. *Devine*, 46 Cal. 46; 1 Greenleaf on Evidence, sec. 1631, and note; 1 Bishop on Criminal Procedure, sec. 527.) In *Mattox* v. *United States*, 156 U. S. 237, the question is learnedly considered and elaborately treated, the cases are reviewed, and it is declared that authority is overwhelming in favor of the admissibility of such testimony for or against the defendant, when the defendant was present, either at the examination of the deceased witness before a committing magistrate, or at the former trial, with an opportunity for a cross-examination afforded him. Upon the adoption of our codes it was provided by subdivision 8 of section 1870 of the Code of Civil Procedure that the testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter, is admissible; and as the rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in the code (Pen. Code, sec. 1102), the same rule obtains in this state, unless changed by positive enactments. There has been, by section 686 of the Penal Code, a restriction placed upon and a narrowing of this common-law rule of evidence. Under the title of the "Rights of Defendant in a Criminal Action," it is provided that a defendant shall have the right of confrontation of the witnesses against him, saving in those cases where the charge has been preliminarily examined by a committing magistrate, the testimony taken down by question and answer in the presence of the defendant, who, either in person or by counsel, has cross-examined or had an opportunity to cross-examine the witness, or where the testimony of a witness who is unable to give security for his appearance has been taken conditionally in like manner in the presence of the defendant. It is here to be noted that the section is declarative of the rights of a defendant, and in so defining those rights, limits the evidence, and the mode and manner of its

production and introduction, which may be employed against him. In effect, therefore, and as our decisions hold, it deprives the prosecution of the right, which theretofore it enjoyed, of introducing against a defendant the evidence of a deceased or absent witness, unless taken before a committing magistrate, or by deposition in the mode prescribed. It forbids the introduction of the testimony of such witness, absent or deceased, which may have been given upon a former trial of the cause. Why the legislature should have so modified the common-law rule, we need not now stop to inquire. Sufficient to say that it is quite plain that it has done so. (*People* v. *Oiler*, 66 Cal. 101; *People* v. *Chin Hane*, 108 Cal. 597; *People* v. *Sierp*, 116 Cal. 251; *People* v. *Cady*, 117 Cal. 10; *People* v. *Plyler*, 126 Cal. 382.)

But, upon the other hand, there is in this no restriction upon the rights of a defendant. The rule as to him is the same as it was before the adoption of the codes, and as it stood at common law. He may waive his right of confrontation, if he so desires, and introduce in evidence the testimony of such dead or absent witnesses, whether that testimony was given at the preliminary examination or upon a former trial of the cause.

The refusal of the court to admit the testimony of George Francis and of C. C. Corum, given upon the former trial of the cause, was, for the reasons above stated, also prejudicial error. The offer was not alone to prove the testimony by the recollection of the official reporter, reinforced by his stenographic notes, but included, as well, an offer to prove it by the official transcript of those notes on file in the court.

No other of appellant's specifications seems to require particular mention, saving one, where the court admitted evidence clearly prejudicial to defendant, concerning his presence with and relations to a certain woman, under a general assurance of the prosecution to connect it with the case. Upon the failure so to do, the court properly struck out the evidence, and instructed the jury to disregard it. The practice, however, is one not to be commended, for there is inevitably some impression made and effect left upon the minds of the jurors.

The judgment appealed from is therefore reversed and the cause remanded for a new trial.

McFarland, J., and Temple, J., concurred.