[Crim. No. 3237. Second Appellate District, Division Two.—December 29, 1939.]

THE PEOPLE, Respondent, v. CHARLES K. HANNA, Appellant.

Martin T. Kristovich for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial before a jury of (1) attempt to commit murder, (2) attempt to commit robbery, and (3) violation of the Deadly Weapons Act, the jury at the same time finding that defendant had been previously convicted of a felony and served a term therefor in a state prison. He appeals from the judgments of guilty and from the orders denying his motion for a new trial.

Viewing the evidence most favorable to the People (respondent), the essential facts are:

January 3, 1939, Herbert E. Thomas was driving easterly on Wilshire Boulevard in the city of Santa Monica at about 7:15 P. M., when he stopped for a traffic signal and was accosted by defendant, who asked him for a ride. Mr. Thomas permitted defendant to enter his car, and while they were proceeding toward Los Angeles defendant suddenly placed a gun in Mr. Thomas's side and said, "This is a stickup, see." Before Mr. Thomas could grab the gun it was discharged and he was shot through the right arm. He then grabbed the barrel of the weapon and while he was endeavoring to obtain possession of the gun defendant again discharged it. The automobile in which the two were riding was then run into the curb and two motorcycle officers placed defendant under arrest.

Defendant relies for reversal of the judgment on these propositions.

*First: There is no substantial evidence to sustain the verdict of (a) attempt to commit robbery or (b) attempt to commit murder.*

*Second: An attorney for a defendant in a criminal prosecution cannot waive a formal showing that the prosecutor*

has used due diligence to locate an absent witness, in order to lay a foundation for reading the testimony of such witness taken at a preliminary examination.

*Third:* The trial court committed prejudicial error in permitting the prosecution to read over defendant's objection the testimony of the complaining witness given at the preliminary examination.

*Fourth:* The trial court committed prejudicial error in refusing at defendant's request to instruct the jury as follows:

*(A)* "You are instructed that in order for you to find the Defendant Guilty of any of the offenses charged, every element of the particular offense must be proved clearly and conclusively beyond all reasonable doubt."

*(B)* "You are instructed that, in weighing evidence of the police officers, care must be used because of their natural and unavoidable tendency to procure and state evidence against the accused which will justify their arrest of the accused."

*(C)* "You are instructed that you are not to disregard the testimony of convict witnesses merely because they are convicts, but you are to consider and weigh their testimony according to the rules of evidence."

*(D)* "You are instructed that the Defendant should be accorded the benefit of the presumption of innocence until the contrary is proved beyond a reasonable doubt, that such presumption accompanies Defendant all through the case, and does not cease on the submission of the cause to you, but operates during your deliberations and until the verdict, and that you must examine the evidence by the light of the presumption, and unless you find the evidence sufficiently strong to overcome the presumption, to remove it, and to satisfy you of Defendant's guilt beyond and to the exclusion of a reasonable doubt, he should be acquitted."

*(E)* "You are instructed that in the decision of a criminal case involving life or liberty, something more than a mere preponderance of evidence is required to convict the Defendant. There must be in the minds of the jury an abiding conviction to a moral certainty of the truth of the charge, derived from a comparison and consideration of the evidence."

*(F)* "You are instructed that while an intention to take life is not essential to constitute murder, yet, to constitute

*an attempt to murder, the wrongdoer must specifically intend to take life.''*

*(G) ''You are instructed that the wrongdoer must specifically contemplate taking life, and though his act is of such nature that were it successful, it would be murder, if in truth he does not mean to kill, he then does not become guilty of an attempt to commit murder.''*

*(H) ''You are instructed that an intent to murder is an essential element of the crime of attempt to murder and it must be proved beyond a reasonable doubt.''*

Defendant's first proposition is untenable. An examination of the record discloses substantial evidence, together with the inferences which may reasonably be drawn therefrom, to sustain the facts as set forth above and each and every finding of fact upon which the verdicts of guilty were necessarily predicated. In addition to the testimony of the complaining witness, a motorcycle officer testified that when he drove alongside of the car in which defendant and Mr. Thomas were riding he saw them scuffling in the automobile, and that he heard two shots. Another motorcycle officer testified that immediately after the car in which defendant and Mr. Thomas were riding came to rest he took a gun out of defendant's hand, and that two empty shells were in it.

The second proposition is likewise untenable. It is the general rule that counsel in a criminal case has the right to stipulate relative to any of the steps in the action or proceeding. Among the stipulations which may be entered into by counsel in a criminal case is one waiving on behalf of his client the right to have a preliminary showing that the People have used due diligence to locate an absent witness prior to the reading of the testimony of such witness taken at the preliminary examination. (*People* v. *Garvey*, 93 Cal. App. 497, 503 [269 Pac. 702]; *People* v. *Schoon*, 177 Cal. 678, 683 [171 Pac. 680]; *People* v. *Bird*, 132 Cal. 261, 264 [64 Pac. 259].)

The third proposition is also untenable. During the course of the trial the following occurred:

''MR. CRAIL: [Counsel for the People] Counsel now informs me, if your Honor please, that he is willing to stipulate that the witness Mr. Herbert E. Thomas who appeared and

testified at the preliminary examination in this case on the 26th day of January of 1939 in the Santa Monica Hospital at 10:10 o'clock a. m. in the presence of the court of the Honorable Orlando H. Rhodes sitting as committing magistrate, the shorthand reporter and the clerk of that court, together with the Deputy District Attorney Mr. Hugh McIsaac, that the office of the District Attorney has made a diligent effort to locate Mr. Thomas within the County of Los Angeles and that at the present time the witness is not in the County of Los Angeles or in the State of California.

"THE COURT: So stipulated?

"MR. KRISTOVICH: I will stipulate that he cannot be found in the State of California since the time of the Preliminary.

"MR. CRAIL: Now will you stipulate that our office has made a diligent effort to find that witness within the County of Los Angeles and the State of California?

"MR. KRISTOVICH: I will stipulate that they have.

"MR. CRAIL: We will accept the stipulation and now offer to read in evidence the testimony of this witness."

In view of the foregoing, it is clear that defendant through his counsel waived the right to a preliminary foundation before the testimony of the complaining witness taken at the preliminary examination was read.

█ The instructions set forth in paragraphs A, C, D, E, F, G, and H of defendant's fourth proposition were properly refused for the reason that the subject matter thereof was fully, completely, and accurately covered by instructions read to the jury by the trial judge.

█ The instruction set forth in paragraph B of defendant's fourth proposition was likewise properly refused, as it is not the law that a police officer's testimony is to be judged by any other standard than that which applies to the average witness.

For the foregoing reasons the judgments and orders appealed from are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 10, 1940, and an ap-

plication by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1940.