[Crim. No. 4382. Second Dist., Div. One. Nov. 3, 1949.]

THE PEOPLE, Respondent, v. ABE COHEN, Appellant.

William W. Larsen for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was charged by information with violations of section 496bb of the Penal Code in counts one and two, in that he feloniously received, concealed and

withheld from the owner Harry Maron, certain articles of stolen jewelry, and with the crime of grand theft in count three, i.e., the felonious taking of personal property of the value of $300 from one Jerry Harwin.

Jury trial was duly waived and it was stipulated that the People's case might be submitted on the transcript of the preliminary hearing and the exhibits on file. At the trial two witnesses testified for the prosecution and defendant took the stand in his own defense, whereupon defendant was adjudged guilty as charged in the information. He moved for a new trial which was denied as to counts one and three, and granted as to count two which was dismissed. Judgment and sentence were pronounced, the sentences on the two counts to run concurrently. Execution of the sentences was suspended and defendant was granted probation for five years conditioned that he serve the first year thereof in the county jail.

Defendant appeals from the judgment of conviction and from the order denying his motion for a new trial as to counts one and three.

The points upon which appellant relies for a reversal of the judgment are: (1) The decision finding him guilty is contrary to the law; (2) The evidence is insufficient to support the decision.

During the month of December, 1947, and theretofore, appellant was a salesman for janitorial supplies. Among his customers was one Daniel W. Lance, superintendent of the Spreckels Building in downtown Los Angeles. One of the tenants of the building was Clyde A. Krasne Company, wholesale jewelers, who occupied as their office a room adjoining the office of said Lance.

Shortly before the arrest of appellant, Mr. Harry Maron, a partner in the Krasne Company, was in the shop of Mr. Jerry Harwin, a retail jeweler of Santa Barbara, and while there he recognized certain pieces of jewelry which were identical to merchandise handled exclusively by his company. Thereafter an inventory of the Krasne Company stock for the period from October, 1947, to within a few days of the trial, disclosed that costume jewelry of an estimated value of $25,000 was missing.

It then developed that on November 17, 1947, Mr. Harwin met appellant in Los Angeles at the home of Mr. Isadore Shapiro, who had told him that appellant had for sale some bankruptcy stocks of costume jewelry. Mr. Harwin bought

lots of jewelry from appellant on four different occasions, giving his checks in payment of two lots, i.e., Nov. 17, 1947, $300, and December 14, 1947, $250, and paying cash for merchandise purchased in February and August of 1948. Mrs. Beverly Miller was present at the transaction of November 17th and later bought some of the jewelry from Mr. Harwin, her brother-in-law. Appellant also sold jewelry to Mr. Frederick Slavin, a clothing merchant of Santa Barbara, who testified he had seen appellant in that city three or four times, either in his own store or in the Harwin shop.

Mr. Harwin identified articles of jewelry brought into court as part of the merchandise he had purchased from appellant, and the jewelry turned over to the district attorney by Mr. Harwin was identified by Mr. Maron as jewelry from his inventory.

The checks given by Harwin to appellant were endorsed and cashed by the latter.

Subsequent to the recovery of the articles of jewelry from Harwin, appellant was questioned at the office of the district attorney in Los Angeles by Lieutenant Leonard Busse, an investigator, who testified at the preliminary hearing to the following effect: that appellant refused to give a specimen of his handwriting when requested, and denied knowing anything about the costume jewelry; he refused to compare the endorsement on the $300 check with his signature and refused to compare his signature on his driver's license and several other papers with the endorsement on the check; denied knowing Jerry Harwin or of ever being in Santa Barbara; denied seeing the check for $300; denied selling any merchandise to Mr. Slavin or of knowing him, and when Mr. Slavin later made his statement in front of appellant, the latter stated: "It is a damn lie. I never saw him."

At the instant trial, Lieutenant Busse was called as a witness at which time it was stipulated that the endorsements on the two checks were in the handwriting of appellant.

Daniel Lance was also examined at the trial herein and testified that appellant was well known to him as a salesman of janitorial supplies, and had occasionally remarked to him as they passed by the office of the Krasne Company in the Spreckels Building that "he would like to get in there to get some of their jewelry." Sometime in December of 1947, after Lance had relieved the night man from duty at 6:30 a. m., appellant came into the building alone, and the two men entered the Krasne Company office and took two

cartons of jewelry therefrom. Lance carried a box 18 inches square weighing 25 or 30 pounds and closed the door as they left. Lance testified that appellant ordered him to open the door of the jewelry office or he would kill him, and also threatened that he would be taken care of if he told anyone of the incident. This witness denied that he had conversations with appellant concerning other jewelry; admitted that he himself had been charged with burglary of the Krasne Company office; and stated that thereafter he continued to buy supplies from appellant in the usual course of business.

Appellant as a witness in his own defense stated he had known Mr. Lance since 1943 and sold him supplies until August of 1948. He denied that he was ever in room 402 of the Spreckels Building (the office of the Krasne Company), and denied that he took any jewelry therefrom, stating that he bought it from Mr. Lance in good faith and did not know that Lance was stealing the merchandise, because Lance told him the articles were salesmen's samples. On cross-examination he admitted that he denied everything when questioned by Lieutenant Busse. He also admitted that he sold jewelry to Mr. Harwin and received the two checks of $300 and $250, which he later cashed. However, he denied that he sold jewelry to anyone other than Harwin, stating that he bought jewelry from Lance some 10 or 12 times which he resold for about a thousand dollars.

On rebuttal Daniel Lance testified that he never sold any jewelry to appellant and never told him he received the merchandise as samples from salesmen.

Appellant challenges the admissibility of the testimony of Officer Busse given at the preliminary hearing. As heretofore stated, the officer related a conversation he had with appellant at the bureau of investigation of the district attorney's office without benefit of counsel, at which time appellant refused to give a specimen of his handwriting; "denied everything" and declared he never had possession of any jewelry. Officer Busse was again called as a witness at the instant trial and it was there stipulated by counsel that the endorsements on the two checks were in appellant's handwriting.

It is manifest that no prejudice resulted to appellant by reason of the admission of the challenged testimony, because he took the stand in his own defense and for the most part testified to the truth of facts of which he had made prior

denials, and admitted that the denials made to Officer Busse were false.

As was aptly stated in *People* v. *Booth,* 72 Cal.App. 160, 166 [236 P. 987]; "Erroneous admission of evidence of a fact subsequently proved by defendant's testimony is harmless. (*People* v. *Bennett,* 65 Cal. 267 [3 P. 868]; *People* v. *Collins,* 75 Cal. [411,] 412 [17 P. 430].)"

 Appellant urges that he was denied his constitutional right to due process of law given by section 686 of the Penal Code, mainly because it does not appear from the record that he personally agreed to the stipulation that the People's case might be submitted on the transcript of the preliminary hearing; and also because he was not represented by counsel at the preliminary hearing.

Although appellant was not represented by counsel at the preliminary hearing, an examination was made and on the strength of the testimony there produced in his presence, appellant was held to answer. At the conclusion of the hearing, the following took place: "The Court: That is the People's case, Mr. Cohen. You have no counsel here, and do you wish to do anything about it at this time? The Defendant: No, sir. The Court: Under the circumstances, the Court would advise you not to put on any testimony at this time. There has been sufficient cause to hold you to answer to the Superior Court and you will at that time have an opportunity to put on a defense if you wish. You are not putting on any defense at this time then and you have no witnesses and don't wish to take the stand yourself? The Defendant: No, sir."

At the trial in the superior court, appellant personally waived a jury trial, whereupon the deputy district attorney made the following stipulation which was agreed to by appellant's counsel:

"Mr. Broker: As far as the People's case, we are willing that the court may read and consider the evidence taken at the preliminary hearing as is shown by the preliminary transcript with the same force and effect as if the witnesses who appeared at that time now appear before your Honor, were duly sworn and testified in the manner set forth in the transcript. Also that the exhibits which were introduced in the transcript alphabetically may be deemed in evidence at this time and marked numerically in a corresponding manner. That either side may put on such further evidence as he desires.

"Mr. Sherr: So stipulated."

■ It appears to be well-established law that counsel has the right to stipulate relative to any of the steps of an action or proceeding, particularly where the stipulation was made in the presence of the accused who made no objection to it. (*People* v. *Graves,* 84 Cal.App.2d 531, 535 [191 P.2d 32]; *People* v. *Hanna,* 36 Cal.App.2d 333, 336 [97 P.2d 847].)

■ Moreover, it has been held that the right to be confronted by the witnesses against him is a personal privilege which may be waived by the accused, and such a waiver is accomplished when counsel for defendant stipulates that the evidence taken at the preliminary examination may be considered by the court as evidence at the trial. (*People* v. *Tanner,* 77 Cal.App.2d 181, 188 [175 P.2d 26].)

■ The holding in *People* v. *Montanez,* 93 Cal.App.2d 493, 496 [209 P.2d 151] is particularly pertinent. There the case was tried on the transcript of the preliminary hearing, and such further evidence as either side saw fit to introduce.

The record herein discloses that witnesses for the prosecution were present when the stipulation was entered into. Thereafter, appellant was confronted by two of them: Officer Busse and Daniel Lance, both of whom were called and were subject to cross-examination by appellant. The evidence given at the preliminary hearing was sufficient to show that there was reasonable and probable cause to believe that appellant committed the crimes charged against him. This evidence was confirmed not only by the testimony of these witnesses called at the trial, but by the testimony of appellant himself.

In the circumstances, it does not appear that appellant was deprived of any substantial right by reason of the fact that he was not represented by counsel at the preliminary hearing or that he did not personally agree to the stipulation hereinbefore referred to.

■ Appellant also contends that the conviction of grand theft charged under count three of the information is against law because there is no showing that the merchandise stolen had a value of more than seventeen dollars. Count three was based upon the sale by appellant of stolen jewelry to Jerry Harwin and the taking and cashing of the checks for $300 and $250 in payment therefor. Appellant admitted that he endorsed and cashed the checks in question, and also that he received $1,000 from sales of jewelry which it was proved had been stolen from the Krasne Company.

458

Although appellant maintained that he acted in good faith and was unaware that the jewelry had been stolen, the trial court was not bound to believe him. The record discloses amply substantial evidence to support the judgment of conviction.

The judgment and order are affirmed.

White, P. J., and Doran, J., concurred.