[Crim. No. 5038.    Second Dist., Div. Three.    Nov. 16, 1953.]

THE PEOPLE, Respondent, v. CHARLES RICHARD HART et al., Defendants; RAMON LA RUE SAVAGE, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant, Savage, appeals from a judgment of conviction of unlawfully having marijuana in his possession in violation of section 11500 of the Health and Safety Code. The district attorney and defendant's counsel, in the presence of defendant, stipulated that the cause be submitted on the transcript of the evidence taken at the preliminary examination and that the defendant waived the right to be confronted by the witnesses who testified at the preliminary examination and to further cross-examine them. Defendant did not personally join in the stipulation.

Defendant's only contention is that he was denied a fair trial and the right to be confronted with the witnesses against him because he did not personally join in the stipulation. The contention is without merit.

The Constitution of California does not contain a provision that in a criminal prosecution the accused shall have the right to be confronted with the witnesses against him.   (See Const.

Cal., art. I, § 13.) Penal Code, section 686, provides that "In a criminal action the defendant is entitled: . . . to be confronted with the witnesses against him, . . ." ▮ It is uniformly held in this state that this right may be waived, and a trial had on the transcript of the evidence taken at the preliminary examination on stipulation made by the defendant's counsel when made in the defendant's presence without the defendant personally joining in the stipulation. In *People* v. *Dessauer,* 38 Cal.2d 547 [241 P.2d 238], cert. den., *Dessauer* v. *People,* 344 U.S. 858 [73 S.Ct. 96, 97 L.Ed. 666], the court stated (p. 552): "The right to be confronted by witnesses, whether assured by Constitution or statute, may be waived, and a trial may be had on the transcript of the evidence taken at the preliminary hearing on stipulation by defendant and his counsel (*People* v. *Wallin,* 34 Cal.2d 777 [215 P.2d 1]), or by the latter's stipulation, at least when made in defendant's presence. (*People* v. *Romero,* 100 Cal.App.2d 352 [223 P.2d 511] ; *People* v. *Young,* 100 Cal.App.2d 488 [224 P.2d 46].)" In *People* v. *Cohen,* 94 Cal.App.2d 451 [210 P.2d 911], it is said (p. 457): "It appears to be well-established law that counsel has the right to stipulate relative to any of the steps of an action or proceeding, particularly where the stipulation was made in the presence of the accused who made no objection to it. (*People* v. *Graves,* 84 Cal.App.2d 531, 535 [191 P.2d 32] ; *People* v. *Hanna,* 36 Cal.App.2d 333, 336 [97 P.2d 847].) Moreover, it has been held that the right to be confronted by the witnesses against him is a personal privilege which may be waived by the accused, and such a waiver is accomplished when counsel for defendant stipulates that the evidence taken at the preliminary examination may be considered by the court as evidence at the trial. (*People* v. *Tanner,* 77 Cal. App.2d 181, 188 [175 P.2d 26].)" (See, also, *People* v. *Donnelly,* 95 Cal.App.2d 595, 597-598 [213 P.2d 502].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.