[Crim. No. 5249.   Second Dist., Div. Three.   Mar. 1, 1955.]

THE PEOPLE, Respondent, v. CLYDE HEATH, Appellant.

Crispus A. Wright for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Clyde Heath appeals from a judgment of conviction of the offense of having in his possession a preparation of heroin in violation of section 11500 of the Health and Safety Code and also from an order denying his motion for a new trial.

When the case came on for trial, a jury was waived, it was stipulated that the cause was submitted on the transcript of the preliminary examination with the right of the People and of the defendant to offer additional evidence. There was evidence of the following facts received in the preliminary examination. E. B. Hollingsworth, a state narcotics inspector, testified that he saw defendant at about 11:25 p. m., January 25, 1954, on the sidewalk on the south side of Sixth Street in Los Angeles between Towne and Crocker Streets. As he approached he saw that the defendant was trying to swallow something. He told him to spit it out and he spat a white paper bindle wrapped in cellophane. This was taken to chemist Arnold of the California State Bureau of Narcotic Enforcement. Upon the trial Mr. Hollingsworth testified that he arrested the defendant and at that time defendant stated that the package contained heroin and that he had just picked it up from where he had "stached" it earlier in the day. Mr. Arnold testified that he had made a chemical analysis of the contents of the package received from Mr. Hollingsworth, and that in his opinion the same contained heroin.

The first point made on the appeal is that the record does not affirmatively show that the trial judge read the transcript of the evidence at the preliminary. ■ A supplemental transcript which was settled by the court contains a statement by the court that the court had read and considered the transcript of the preliminary. This was unnecessary. There was nothing in the original reporter's transcript or the clerk's transcript which indicated that the court had not read and considered the preliminary transcript. ■ Although it is customary for the court to announce in such cases that the transcript has been read, it would not be presumed in the absence of such a statement that the transcript had not been read. It was the duty of the court

to read the transcript and it will be presumed that that duty was duly performed. The point urged could have validity only if it was shown affirmatively by the record that the court had neglected to read the transcript. It is as unreasonable to argue that the court did not read the transcript as it would be to make the bland assertion that the court did not pay attention to the testimony of the witnesses. It is as clear a case as could be found for application of the presumption that official duty has been duly performed. (Code Civ. Code, § 1963, subd. 15.)

■ The contention that the substance analyzed by witness Arnold was not sufficiently identified as that taken from defendant is not sustained by the record. It was placed in an envelope which was placed in a larger envelope, sealed with sealing wax, identified by the initials of the officers and was received by Arnold in that condition. Moreover, there was evidence that defendant admitted the substance was heroin.

■ The further point that defendant was deprived of the right to be confronted by the witnesses against him because he did not personally join in the stipulation for submission in evidence of the transcript of the preliminary examination was answered contrary to defendant's contention in *People* v. *Hart,* 121 Cal.App.2d 301 [262 P.2d 865]. There is no merit in the appeal.

The judgment and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.