[Crim. No. 5679.   Second Dist., Div. One.   Nov. 13, 1956.]

THE PEOPLE, Respondent, v. FRANK BROWN, Appellant.

Frank Brown, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—In an information the defendant and appellant was charged with the crime of robbery in violation of section 211, Penal Code, a felony, in that he did, on or about January 2, 1956, in the county of Los Angeles, feloniously and by means of force and fear take from the person of Joe N. Williams certain personal property, namely, a wallet valued at $7.00, and $38 in money. It was also alleged that prior to the offense in question the defendant had been convicted of the crime of burglary, a felony, in Los Angeles county, and that he served a term of imprisonment therefor in the state prison.

The defendant was represented by the public defender. At the time of the trial the defendant and all counsel waived a jury trial and it was stipulated that the People's case might be submitted on the testimony taken at the preliminary examination, subject to the right of either side to offer additional testimony if desired. The prior conviction was admitted.

The transcript of the preliminary examination set forth, among other things, the following: That Joe N. Williams, the victim, was a sailor attached to the U.S.S. Catamont, and on January 2, 1956, about 2 a.m., was in a restroom of a hotel on First Street in Los Angeles, and the defendant hit and knocked the victim down and took his wallet and money. Apparently the defendant had first seen the victim at a bus station and asked him if he wanted a girl, the answer was "Yes," and the defendant told Williams to follow him. When they reached the hotel the defendant directed Williams to go into the restroom and told him that it would be $5.00, and the victim gave the defendant such amount. The defendant returned and inquired of Williams what kind of a girl he

wanted, white, colored or Japanese. Williams informed the defendant he would take his pick. The defendant asked Williams how much money he had and Williams would not tell him, and upon Williams turning his head, the defendant struck him and knocked him down and then took the wallet and money.

The defendant called Malvina Salonie as a witness, who testified that she was a prostitute, living with the defendant. Further, that on the night of January 2, 1956, she and the defendant went to a show and got out about midnight and that thereafter she and the defendant went to the vicinity of Sixth and Main Streets, where she "caught a date" or so and went to a hotel close by. She further stated that she and the defendant then went to Fifth Street where she again engaged in her profession at another hotel. On cross-examination, she admitted signing a statement which was prepared by a police office and constituted a résumé of what she had told the police upon her arrest. The statement was received in evidence. This statement set forth in substance that she and the defendant were at Sixth and Main, "trying to catch a trick" and that she did so; that a little after midnight or close to 1 a. m. she went to East Fifth Street, got a "bindle of narcotics," borrowed a friend's outfit and "fixed the narcotics." The defendant was left at another hotel about 1 a. m., and she returned to Sixth and Main and was gone about four hours, until about 5 a. m., when she returned to the defendant and they then went home by taxicab.

The defendant testified that he did not rob Williams, and that he did not hit him. He did admit that he was with Malvina Salonie and knew she was engaging in acts of prostitution, and that he was on parole for burglary.

The appellant contends that he was denied due process of law in that he was not given instructions regarding a trial "without witnesses," and that the trial on the preliminary transcript was without his permission. If this is an attempt on the part of the defendant to claim that he was denied the right of confrontation of witnesses, there is no merit in the contention. It was stipulated in open court by counsel for the defendant, in his presence, and by the district attorney, that the matter would be submitted on the transcript of the testimony taken at the preliminary examination subject to the right of either side to offer additional testimony if desired. Such a procedure has been held to be proper. (*People* v. *Wallin,* 34 Cal.2d 777, 781-782 [215 P.2d 1].)

In *People* v. *Hart,* 121 Cal.App.2d 301, at pages 301-302 [262 P.2d 865], the court said:

"Defendant's only contention is that he was denied a fair trial and the right to be confronted with the witnesses against him because he did not personally join in the stipulation. The contention is without merit.

"The Constitution of California does not contain a provision that in a criminal prosecution the accused shall have the right to be confronted with the witnesses against him. (See Const. Cal., art I, § 13.) Penal Code, section 686, provides that 'In a criminal action the defendant is entitled: . . . to be confronted with the witnesses against him, . . .' It is uniformly held in this state that this right may be waived, and a trial had on the transcript of the evidence taken at the preliminary examination on stipulation made by the defendant's counsel when made in the defendant's presence without the defendant personally joining in the stipulation. In *People* v. *Dessauer,* 38 Cal.2d 547 [241 P.2d 238], cert. den., *Dessauer* v. *People,* 344 U.S. 858 [73 S.Ct. 96, 97 L.Ed. 666], the court stated (p. 552) : 'The right to be confronted by witnesses, whether assured by Constitution or statute, may be waived, and a trial may be had on the transcript of the evidence taken at the preliminary hearing on stipulation by defendant and his counsel (*People* v. *Wallin,* 34 Cal.2d 777 [215 P.2d 1]), or by the latter's stipulation, at least when made in defendant's presence. (Citing cases.)' In *People* v. *Cohen,* 94 Cal.App.2d 451 [210 P.2d 911], it is said (p. 457) : 'It appears to be well-established law that counsel has the right to stipulate relative to any of the steps of an action or proceeding, particularly where the stipulation was made in the presence of the accused who made no objection to it. (Citing cases.) Moreover, it has been held that the right to be confronted by the witnesses against him is a personal privilege which may be waived by the accused, and such a waiver is accomplished when counsel for defendant stipulates that the evidence taken at the preliminary examination may be considered by the court as evidence at the trial. (Citing cases.)' (See, also, *People* v. *Donnelly,* 95 Cal.App.2d 595, 597-598 [213 P.2d 502].)"

The defendant's next contention is that he was denied due process of law in that his principal witness was not subpoenaed. The record is devoid of anything whatsoever in this connection, and even now the defendant fails or refuses to disclose who this witness is, nor has he revealed

what this witness could testify to concerning the charge in question.

Defendant further contends that the court was prejudiced in "letting the police take the alleged victim and the petitioner out of the courtroom and into another room and told the alleged victim that the petitioner was the person that robbed him." This contention finds no support whatever in the record.

Lastly, the defendant contends that all of the evidence in his case was hearsay. A stipulation submitting the People's case in chief on the transcript of the preliminary examination authorized the consideration by the court of the transcript containing the testimony of the witness Joe N. Williams. The defendant had been confronted by this witness and had examined him. Further, hearsay evidence admitted without objection, or by stipulation, may be properly considered in support of the charge. (*People* v. *Ines*, 90 Cal.App.2d 495, and the cases cited at page 500 [203 P.2d 540] thereof.)

The defendant was accorded a fair and proper hearing.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 26, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1956.