[Crim. No. 6697. Second Dist., Div. Three. Jan. 27, 1960.]

THE PEOPLE, Respondent, v. ARTHUR V. SMYER, JR. et al., Defendants; JAMES PENDERGRAPH, Appellant.

Bradford A. Arthur for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—James Pendergraph and another were jointly accused by information of the crime of robbery and were convicted of the lesser and included offense of grand theft from the person. Pendergraph was represented by counsel at the trial and obtained new counsel on his appeal. The notice of appeal states that the appeal is from the decision of the court, from the judgment and sentence and from an order denying a motion for a new trial. The purported appeal from the decision and from an order denying a motion for a new trial should be dismissed. There was no motion for a new trial. The appeal from the judgment and sentence is merely an appeal from the judgment.

There was evidence of the following facts: Defendant entered a hotel room and unlawfully took from Christine

Love $3,685, lawful money of the United States. The prosecutrix testified that she surrendered the money through fear of injury. Pendergraph did not take the stand.

When the case came on for trial it was stipulated by each defendant and his counsel and by the People that trial by jury was waived. It was also stipulated by counsel for the People and by counsel for each defendant that the cause was to be submitted upon the evidence received at the preliminary examination and such evidence as the People or either defendant offered at the trial. This procedure was followed. However, at the time the stipulations were entered into it was stated by the deputy district attorney that Miss Love was a resident of Kentucky, she was present in attendance upon the trial and that if the defendants wished to question her it was desirable that they should do so at that time. Counsel for each defendant stated they did not wish to interrogate her further. Thus, notwithstanding the stipulations for use of the evidence adduced at the preliminary examination in which defendants were represented by counsel, who cross-examined the witnesses, defendants were given an opportunity to be confronted by the prosecutrix during the trial and to interrogate her by further cross-examination.

The sole ground of appeal is that it was not competent for the attorney for appellant to stipulate that the evidence taken at the preliminary examination should be received and considered by the court. It is contended that appellant's right to be confronted by the witnesses against him could be waived only by his express consent given in person. The same contention was advanced in *People* v. *Brown*, 145 Cal.App.2d 778 [303 P.2d 68], and held to be untenable. We are in full accord with the court's reasoning and conclusion in that case.

The judgment is affirmed. All other purported appeals are dismissed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied February 19, 1960.