STATE OF CONNECTICUT *v.* CARL W. NAGEL

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-13832

Argued September 12—decided December 9, 1966

*Joseph E. Fazzano,* of Hartford, for the appellant (defendant).

*Howard J. Moraghan,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. In a trial to the jury, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor. In his appeal, he has assigned error in the admission of certain evidence, in the court's charge to the jury, and in the court's denial of his motion for judgment notwithstanding the verdict. The last assignment of error was not briefed or argued and therefore is deemed abandoned.

The essential contention of the defendant is that the state failed to prove continuous custody of the breath test, given him by the officer, until it was received by Dr. Stolman, the state toxicologist. The essential facts pertinent to this appeal may be summarized as follows: On October 16, 1965, the day of arrest, Officer Carlo, after giving the breath test to the defendant, sealed the kit and affixed the number "NM9" to the kit and prepared it for mailing. He then placed it in the safe at the police station. The kit bearing the number NM9 was received by Dr. Stolman on October 19, 1965, with the seal intact and unbroken. Officer Carlo did not recall whether he mailed the kit to Dr. Stolman, and there was no other evidence of who mailed the kit. The defendant objected to Dr. Stolman's testimony as to the result of his analysis on the ground there had been a break in the chain of possession of the kit. The court allowed the testimony.

The ultimate question is whether on all the evidence it could be found that the breath sample analyzed by the state toxicologist was the defendant's. No rigid rule to fit every situation can be laid down, but each case must rest on its own facts. *State* v. *Fornier*, 103 N.H. 152, 154; *State* v. *Auger*, 124 Vt. 50, 54. The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant acceptance in evidence may not be overturned except for a clear abuse of discretion. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. *Gallego* v. *United States*, 276 F.2d 914, 917; see *State* v. *Parker*, 3 Conn. Cir. Ct. 598, 601. In order to admit testimony showing the result of the analysis, it is necessary to satisfy the court of the identity of the kit examined with the kit containing the sample taken by the officer from the defendant. It is not necessary to show that there was an entire absence of opportunity for anybody to tamper with it; it is only necessary to show that the circumstances were such as to establish a reasonable assurance that it was the same and in the same condition. *State* v. *Smith*, 222 S.W. 455 (Mo.).

Considering the entire record, especially the unbroken seal on the kit and the identifying number thereon, the logical and sensible explanation of the situation is that the kit prepared by Officer Carlo was the one received by the state toxicologist. Although the exact course by which the kit was transferred was not detailed, there was sufficient evidence to warrant a finding that the kit analyzed

was the defendant's test. *State v. Fornier,* supra. There are no facts which would indicate any confusion as to the identity of the kit or any possibility of tampering. It was incumbent upon the state to show that the kit contained the test of the defendant and that there had been no substitution or tampering. The burden is not an absolute one, requiring the state to negative all possibility of tampering. *State v. Myers,* 82 Ohio L. Abs. 216, 219. There is no evidence which would cast the slightest inference that any irregularity occurred after the kit was sealed. See *State v. Coburn,* 82 Idaho 437, 447. Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duty. *Gallego v. United States,* supra. Officer Carlo sealed the kit, affixed the number NM9, and prepared the kit for mailing. Dr. Stolman received in the mail the kit bearing the number NM9 with the seal intact and unbroken. We are of the opinion that sufficient identity by the marks or labels was established to show that the kit was in the same condition so as to satisfy the trial court that the results of the analysis were admissible in evidence. Marks and labels are as effective to guarantee identity as is continuity of possession. *People v. Judkins,* 10 Ill. 2d 445, 448; *People v. Heath,* 131 Cal. App. 2d 172, 174. The identity of the kit being proved and there being no evidence indicating any tampering, the testimony of Dr. Stolman as to the results of the analysis was admissible, and the court did not err in its ruling.

The evidence of the test having been admitted by the court, it was the province of the jury to determine what weight they would accord to that evidence. The defendant took no other exception to the charge, so we conclude that it was adequate in all

other respects. *State* v. *Mallette*, 153 Conn. 584, 587.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.