503 P.2d 1206

**STATE of Utah, in the Interest of Sherinda DAVIS et al., four minor children, Cheryl HIGGS, Appellant.**

**No. 12848.**

Supreme Court of Utah.

Nov. 24, 1972.

William J. Lockhart, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Justice:

Cheryl Higgs, appeals from a decree of the Second District Juvenile Court (Salt Lake County) which committed custody of

her four minor children, ages two to five, to the State Division of Family Services as authorized by Sec. 55–10–77, U.C.A.1953. Her charge of error is that the court abused due process of law by receiving evidence outside of court and considering it in arriving at his decision.

The skeletal facts are: that this 23 year old single woman is the mother of four children; that their paternity is unknown; and that, sparing detail which would do no credit to appellant to record here, the court made the following findings, which are supported by the evidence: that she is

> . . . emotionally unstable and unable to provide the necessary care . . . unable to meet their needs . . . is chronically and severely maladjusted . . .

On the basis of those and other findings the court made the order of which appellant complains.

At the hearing testimony was taken from appellant and from two social workers and a psychologist, all of whom were acquainted with appellant and her situation. In the discussion which followed the court stated that he would find "that the children are within the jurisdiction of this court . . ."[1] and further said:

The alternatives the Court has are two . . . One would be to return the children to you under protective supervision of the Welfare Department, and the other would be to continue to leave the children in foster care pending any further change or stabilization as you talked about . . . It would be helpful to me . . . if I had a report . . . as to the present adjustment of the children . . . Do you have any objection to that?

Mr. Laren Bates, counsel for appellant responded:

> No, no. I think that's a good suggestion, Your Honor. I'd like to see that report submitted as quickly as possible and I would stipulate to its admission without any examination.

\* \* \* \* \* \*

The Court:

> Do you have any questions, Miss Higgs?

Miss Higgs:

> Only how long will it take?

In response to appellant's assignment of error we observe: An attorney, in his function as an officer of the court, may

---

1. Sec. 55–10–77 states in pertinent part: " . . . the court shall have jurisdiction in proceedings . . . concerning any child . . . who is neglected."

Sec. 55–10–64(17) defines a neglected child as one who lacks proper parental care by reason of the fault or habits of the parent, guardian, or custodian.

## 430

stipulate for and bind the party he represents on any matter of proper concern in the proceeding, including the receiving of evidence which might otherwise not be admissible. This is particularly so where it is made in the presence and with the understanding and accord of the party.[2]

There can be no doubt that the situation herein dealt with is unfortunate and regrettable, for this mother, for the children, and for society. Neither can it be doubted that if she could possibly take care of her children it would be highly desirable from the standpoint of all concerned that she be allowed to do so. There is nothing to reflect any other attitude upon the part of the Juvenile Court. The decree entered makes allowance for working toward that objective.

The decree does not by its terms totally and permanently deprive appellant of her children. It recites that she is ". . . hereby deprived of guardianship of the persons of the above children . . . [which is] vested in the State Division of Family Services" which is to pay for their support; and further, that appellant,

". . . while working, is to contribute to the support of the children" according to her ability.

---

**2.** See e. g., Hall v. San Jose Abstract & Title Insurance Co., 172 Cal.App.2d 421, 342 P.2d 362, 367; and People v. Cohen, 94 Cal.App.2d 451, 210 P.2d 911: It

We find no basis for disturbing the findings and decree.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, and HENRIOD, ELLETT, JJ., concur.

was particularly so held in regard to receiving and considering a probation report in People v. Zavaleta, 182 Cal.App. 2d 422, 6 Cal.Rptr. 166 (1960).